Paul Adam GIBBS, Appellant,

v.

Dr. George J. BETO, Director, Texas Department of Corrections, Appellee.

No. 21208.

United States Court of Appeals Fifth Circuit.

May 22, 1964.

Herman Wright, Houston, Tex., for appellant.

Samuel H. Robertson, Jr., Asst. Dist. Atty., Sam. R. Wilson, Asst. Atty. Gen., State of Texas, Houston, Tex., Frank Briscoe, Dist. Atty., Harris County, Houston, Tex., for appellee.

Before HUTCHESON, PRETTYMAN* and JONES, Circuit Judges.

PER CURIAM:

This is an appeal from an order of the District Court denying the application of Paul Gibbs for a writ of habeas corpus. The ground presented is ineffective assistance of counsel upon the trial.

Gibbs made his application some six years after he pleaded guilty to armed robbery. The District Judge held a hearing and rendered a careful opinion. He found that two lawyers had represented Gibbs. The first was a retained counsel, who advised him to plead guilty and to accept a 25-year sentence offered by the district attorney rather than risk a mandatory life sentence as an habitual criminal on charges then pending. Gibbs refused, and this lawyer withdrew. Another lawyer was appointed, and it is his representation which Gibbs contends was ineffective.

This lawyer was aware that upon two prior occasions Gibbs had been committed for insanity[1] in civil proceedings, which the District Court judge in the present proceedings suggests were devices adopted by Gibbs's family. The lawyer also knew that the State had recently secured a mental examination which showed Gibbs to be sane. He had served several sentences for criminal offenses. On this lawyer's advice Gibbs pleaded guilty and accepted the sentence of 25 years. The habitual criminal charges and two other charges for armed robbery were dismissed.

Gibbs claimed that the lawyer advised him not to raise insanity as a defense at trial. The lawyer himself answered interrogatories, in which he stated that he was unaware that Gibbs had prior convictions when he advised him to plead guilty, and that he had no knowledge of the adjudications of insanity. However this evidence conflicts with the testimony of Gibbs which was credited by the trial judge.[2]

The facts found by the trial judge are adequately supported by the record. Those facts portray a dilemma not uncommon in criminal practice. This lawyer knew that if the case went to trial and a conviction was obtained his client would face a mandatory life sentence as an habitual criminal. The district attorney offered to dismiss these latter charges in exchange for a guilty plea to armed robbery. The lawyer advised his client to accept one of two undesirable alternatives. We agree with the trial judge that this does not make out a case of ineffective assistance of counsel.

Affirmed.

---

* Senior Circuit Judge of the District of Columbia Circuit, sitting by designation.

1. Two juries had found Gibbs to be of unsound mind. He had spent about a year in a mental hospital the first time and twenty days the second time.

2. Both Gibbs and his mother testified that the lawyer knew of the prior commitments. Gibbs testified that he had conferred with the lawyer on several occasions and that they must have discussed the habitual criminal indictments. The interrogatories concerned events six years old, and it is not unreasonable to assume that this passage of time dimmed the lawyer's recollection.