**Rogers MERRITT, Appellant,**

v.

**STATE OF FLORIDA, Appellee.**

**No. 22930.**

United States Court of Appeals
Fifth Circuit.

April 6, 1966.

---

Rogers Merritt, pro se.

Earl Faircloth, Atty. Gen. of Florida, Herbert P. Benn, Asst. Atty. Gen. of Florida, Tallahassee, Fla., for appellee.

Before PHILLIPS,* JONES and BROWN, Circuit Judges.

PER CURIAM:

The appellant filed a petition for habeas corpus in the District Court for the Southern District of Florida seeking relief from a conviction in a Florida court for breaking and entering with intent to commit a misdemeanor. The petition was denied. A letter from the appellant was properly treated by the district court as an amended petition. As such it was denied. The district court did not consider the question of exhaustion of State remedies. It concluded that the appellant's claim was based upon the deprivation of a preliminary hearing and, since a preliminary hearing is not an indispensable prerequisite to the finding of an indictment or the filing of an information, no violation of constitutional due process was shown.

In the amended petition it was stated:

"I the petitioner was arrested at my home at 411 Rosemary ave. in West Palm Beach Fla. by police officer N. McPhail who advised me that a man named Leon had said that I broke into his home the officer N. McPhail ask me if I had a pair of tennis shoes, my reply was yes but you must have a warrant to take them McPhail said with his hand on his gun that he did not need a warrent the petitioner was handcuffed and taken to the accuser's home the accuser was asked by McPhail is this the one? I ask one what but Leon said I was the one The police officer N. McPhail then took one of my shoes taken from my residence and made an impression in the sand at Leons home saying dont let nobody bother this print I was then taken to city jail. * * *"

Recognizing, as we must, that niceties of pleading are neither required nor expected of pro se applicants for post conviction relief, we think the petition which was before the district court alleges facts showing an attempt to assert a claim of illegal search and seizure. We do not pass upon the sufficiency of the petition to raise a search and seizure question since the district court should first do so and determine whether a further amendment would be desirable.

The State of Florida, in its brief, has asserted that state remedies have not been exhausted. The district court did not pass on this question. In a questionnaire type statement submitted on a form furnished to the appellant by the district court, and which the court properly treated as an amended petition, it appears that the appellant claims to have filed a petition in the Criminal Court of Record of

* Of the Tenth Circuit, sitting by designation.

Palm Beach County, Florida, the Second District Court of Appeal and the Supreme Court of Florida, on the grounds of illegal search and seizure, arrest without a warrant and no preliminary examination.

It is our view that the district court should take another look at this proceeding in the light of what has here been said. So that this may be done, the judgment of the district court will be vacated and the cause remanded.

Vacated and remanded.