Leonard Robert HOWARD, Petitioner,

v.

The STATE OF FLORIDA, Respondent.

Civ. Nos. 66–854, 66–855.

United States District Court
S. D. Florida.

Oct. 17, 1966.

**500**

Leonard Robert Howard, in pro. per.

Herbert P. Benn, and Barry N. Semet, Asst. Attys. Gen., Miami, Fla., for the State.

## OPINION AND ORDER

FULTON, Chief Judge.

Petitioner has filed two Petitions for Writs of Habeas Corpus under 28 U.S.C. § 2254. He is presently imprisoned at Glades Detentional Institute for convictions arising from his pleas of guilty in two separate cases, and alleges the following grounds for relief:

1. That Petitioner was illegally arrested without a warrant (both cases).

2. That coercion was employed to force Petitioner to make a confession (robbery case).

3. That petitioner was detained for ten days after his arrest before being taken before a Justice of the Peace for preliminary hearing (both cases).

4. That Petitioner was denied assistance of counsel at the preliminary hearing (both cases).

5. That Petitioner was inadequately represented by court-appointed counsel.

6. That coercion was employed to force Petitioner to plead guilty (robbery case).

The transcript of the Criminal Court proceedings discloses that in 1963 an information was filed against Petitioner, charging him with breaking and entering with intent to commit a misdemeanor therein and petit larceny. At arraignment, after the Court appointed counsel for him, he pleaded guilty and was subsequently convicted. He was sentenced on the breaking and entering conviction and was placed on probation for the petit larceny conviction, sentencing being postponed.

About two years later, Petitioner was charged with violation of his probation, and another information was filed against him, this time for robbery. Once again he appeared at arraignment with court-appointed counsel and pleaded guilty to both charges. His probation was then revoked, and he was sentenced on the petit larceny conviction, as well as on the robbery conviction.

Those facts upon which the specific claims for relief are based will be set forth in conjunction with our disposition of the matters raised.

■ 1. Petitioner first asserts that he was illegally arrested without a warrant. A naked allegation of illegal arrest is not grounds for the discharge of a state prisoner under 28 U.S.C. § 2254 unless Petitioner further claims that such arrest in some way deprived him of a fair trial. Fernandez v. Klinger, 346 F.2d 210 (9th Cir. 1965); Green v. Yeager, 223 F.Supp. 544 (D.C., N.J. 1963), aff'd, 332 F.2d 794 (3rd Cir. 1964); Madison v. Tahash, 249 F.Supp. 600 (D.C.Minn.1966); Nelson v. Hancock, 210 F.Supp. 60 (D.C.N.H.1962).

■ 2. The requisite deprivation of a fair trial allegedly stems from the use of coercion to force Petitioner to make a confession. However, if there was a coerced confession, it was never

used as evidence against the Petitioner —his convictions were upon pleas of guilty. A judgment on a plea of guilty which has been entered voluntarily on advice of counsel is not rendered invalid because Petitioner had made a confession which might have been inadmissible in evidence had Petitioner pleaded not guilty and gone to trial. The conviction in such a case is based upon the guilty plea and therefore cannot be collaterally attacked on this basis. The plea, if voluntarily and understandingly made, is conclusive as to Petitioner's guilt, admitting all facts charged and waiving all non-jurisdictional defects in prior proceedings against him. Therefore the confession cannot be the basis of collateral attack. Busby v. Holman, 356 F.2d 75 (5th Cir. 1966).

This determination should not be taken as a ruling that there was, in fact, a coerced confession. This Court holds only that the alleged coerced confession did not deprive Petitioner of a fair trial because it was never used as evidence against him. Using the same reasoning, Petitioner's contention that he was deprived of a fair trial by the use of his alleged coerced confession as evidence against his co-defendant must likewise be rejected.

3. Detention for ten days after his arrest before being taken to a Justice of the Peace for preliminary hearing is the third leg upon which Petitioner stands. Although the federal rule requires an arrested person to be taken without unnecessary delay before a committing magistrate, this rule has no application to a petitioner arrested on a state charge and in the custody of state officers. Merritt v. State of Florida, 359 F.2d 793 (5th Cir. 1966), Order, United States District Court, Southern District of Florida, June 3, 1966.

4. Next, Petitioner urges that he was denied assistance of counsel at his preliminary hearing. Complete lack of a preliminary hearing not being grounds for habeas corpus relief under 28 U.S.C. § 2254, *a fortiori*, lack of counsel to assist Petitioner at such hearing is not a proper basis for such relief unless something occurs at the preliminary hearing which operates to deprive the accused of a fair trial. (i. e., If a confession obtained from the accused at preliminary hearing, the accused not having assistance of counsel, is used as evidence against him at trial, then lack of counsel would properly support habeas corpus relief. Cf. Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 [1964]).

5. Petitioner alleges that he was inadequately represented by court-appointed counsel in the breaking and entering and petit larceny cases in that he did not have sufficient time to confer with counsel, counsel did not advise him of his rights, counsel showed no interest in the case, and counsel did not seek evidence or cross-examine witnesses.

At Petitioner's request, counsel was appointed by the Court at arraignment. When counsel responded to the Court that he wished to confer with Petitioner, the arraignment proceedings were continued in order to give them an opportunity to confer.

Upon resumption of the arraignment proceedings later that morning, Petitioner was asked by the Court whether his counsel had "explained his rights" to him. Petitioner responded in the affirmative and the information was then read to him. He pleaded guilty, but before acceptance of the plea, the following questions were propounded to him by the Court and prosecutor:

MR. PALERMO: Has anyone promised you anything, or threatened you in any way to get you to plead guilty to these two counts?

THE DEFENDANT: No.

MR. PALERMO: You are pleading guilty because you did break in and you did take the goods?

THE DEFENDANT: Yes, sir.

THE COURT: All right, Leonard, you know you could receive up to five years in the State Prison on this charge? Mr. Giglio (Petitioner's

counsel) explained that to you, didn't he?

THE DEFENDANT: Yes.

THE COURT: All right. This plea is being entered with your approval, Mr. Giglio?

MR. GIGLIO: Yes, your Honor.

THE COURT: All right, the Court will accept your plea under those conditions.

■ A petition for writ of habeas corpus challenging the competency of counsel must clearly allege a factual situation which, if established by competent evidence, would show that the trial was a farce or mockery of justice which shocks the conscience of the Court, or that the purported representation was only perfunctory, in bad faith, a sham, a pretense, or without adequate opportunity for conference and preparation. Busby v. Holman, supra; Williams v. Beto, 354 F.2d 698 (5th Cir. 1965). Absent such an allegation, the petition should be dismissed.

Petitioner's charge that he was inadequately represented by counsel stands as a bald accusation, totally unsubstantiated by the transcript of the arraignment proceedings. He contends that he had insufficient time to confer with counsel, yet the record reflects that the proceedings were recessed to afford him just that opportunity. Furthermore, he alleges no facts to support his claim that the time afforded him was insufficient to confer and prepare for the arraignment.

He tells this Court that counsel did not advise him of his rights, yet he affirmatively testified to the Criminal Court that counsel had "explained his rights" to him. He urges that counsel failed to "seek evidence and cross examine witnesses," yet Petitioner pleaded guilty at arraignment, unabashedly admitting that he committed the acts charged, and never attempted to change the plea. In such a case, counsel is patently under no duty to seek evidence and cross-examine witnesses.

Lastly, Petitioner charges that counsel showed no interest in the case, and here again, he alleges no facts to support his accusation.

Not only has Petitioner failed to allege facts supporting his allegations, but the transcript, as cited above, reveals that even at the arraignment, Petitioner considered himself to be adequately advised and represented. This Court cannot allow him to now take an unfounded contradictory position, flagrantly ignoring his prior unequivocal statements which were made under oath. It is obvious that Petitioner has failed to sustain his burden of alleging facts showing that the representation by counsel was only perfunctory, in bad faith, a sham or even without adequate opportunity for conference and preparation.

Petitioner further alleges that he was inadequately represented by court-appointed counsel in the robbery and revocation of probation matters in that he did not have sufficient time to confer with counsel, counsel advised him to withdraw his plea of not guilty and plead guilty, and counsel was not acting in Petitioner's best interests.

Once again, Petitioner was carefully questioned by the Criminal Court and the prosecutor before his plea was accepted:

MR. ALLBRITTON: Has [sic] any make this plea of your own free will and accord?

DEFENDANT HOWARD: Yes, sir.

MR. ALLBRITTON: Has [sic] any promises or threats been made to you in order to get you to enter this plea?

DEFENDANT HOWARD: No, sir.

MR. ALLBRITTON: Have you talked this over with your attorney, Mr. Spicola, over here?

DEFENDANT HOWARD: Well, a few minutes with him in the cell.

MR. ALLBRITTON: All right. Mr. Spicola, is this plea entered with your approval?

MR. SPICOLA: Yes, sir.

THE COURT: Leonard, do you thoroughly understand the Information that has been read to you? Do you understand the offense charged against you in that Information?

DEFENDANT HOWARD: Yes.

THE COURT: You understand that it's a felony under the laws of the State of Florida and carries up to life imprisonment at hard labor on a plea of guilty?

DEFENDANT HOWARD: I was there, your Honor.

\* \* \* \* \* \*

THE COURT: Do you understand that you could be sentenced up to life imprisonment on your plea of guilty to robbery, do you understand that?

DEFENDANT HOWARD: Yes, sir.

THE COURT: Has anyone threatened you in any way or made you any promises to get you to plead guilty?

DEFENDANT HOWARD: No, sir.

THE COURT: Do you understand the Court has appointed an attorney to represent you because you are not able to employ an attorney.

DEFENDANT HOWARD: Yes.

THE COURT: And Mr. Spicola or some member of his staff could present your case to this jury panel we have here this morning, you are entitled to a jury trial and they could determine your guilt or innocence of this charge, do you understand that?

DEFENDANT HOWARD: Yes, sir.

THE COURT: Has Mr. Spicola explained all of this to you? Did he explain to you you have a right to be tried by a jury and he would represent you in a jury trial?

DEFENDANT HOWARD: Yes, the Public Defender told me.

THE COURT: Have you discussed this matter of your plea of guilty with Mr. Spicola?

DEFENDANT HOWARD: Yes.

THE COURT: Is the plea tendered with your approval?

MR. SPICOLA: Yes.

THE COURT: The Court will accept the plea.

It is noted that both during the arraignment proceedings and at sentencing, Petitioner's court-appointed counsel begged the Criminal Court's leniency in his client's behalf.

Again this Court must determine whether Petitioner has alleged facts showing that the representation was only perfunctory, a sham, in bad faith, or without adequate opportunity for conference and preparation. Here too, he contends that he did not have sufficient time to confer with counsel—"a few minutes with him in the cell,"—yet he fails to give the Court any indication of why or how this was not sufficient time. In this case, counsel was appointed prior to arraignment. Moreover, the transcript and Petition do not reveal any unresolved substantial matters such as a defense which should have been seriously considered, (as in Laughner v. United States, 360 F.2d 159 [5th Cir. 1966]). Petitioner's unequivocal response that he was advised of his rights, that he understood the nature of the charge against him and the consequences of the plea, negate any inference that this conference time was insufficient.

He next urges that he was ill advised to withdraw his plea of not guilty and plead guilty at arraignment. It is not for this Court to question the wisdom of counsel's advice to his client. Petitioner faced possible life imprisonment upon conviction for robbery, and he may well have received the maximum sentence, considering his past record of repeated infractions. An attorney's advice to his client to accept one of two undesirable alternatives does not make out a case of ineffective assistance of counsel. Gibbs v. Beto, 332 F.2d 442 (5th Cir. 1964).

Finally, as a basket allegation, Petitioner contends that his court-appointed counsel was not acting in his best interests. In this connection, Petitioner asserts that his court-appointed counsel "made a deal" with the prosecutor

and the Court to the effect that if Petitioner pleaded guilty, he would receive only a five year sentence.

Gibbs v. Beto, supra, presented a situation remarkably similar to the instant case. Gibbs sought habeas corpus under 28 U.S.C. § 2254 on the basis of ineffective assistance of counsel. His court-appointed counsel, knowing that Gibbs had served several sentences for criminal offenses, advised him to plead guilty to the charge of robbery. The prosecutor offered to dismiss other charges pending against Gibbs in exchange for Gibbs' plea of guilty to the charge of armed robbery. Counsel advised Gibbs to accept this offer, and the Court held this did not make out a case of ineffective assistance of counsel.

As did the Court in *Gibbs*, this Court holds that even if counsel did in fact arrange the deal alleged and advise Petitioner to plead guilty pursuant thereto, this did not constitute ineffective assistance of counsel.

■ There is a presumption that any member of the bar in good standing is competent, Busby v. Holman, supra, and Petitioner has failed to overcome this presumption by a showing of gross incompetency. His contentions in this respect stand totally unsupported by any facts or by the transcript. Therefore his challenge on this basis must likewise fail.

6. Lastly, Petitioner claims that coercion was employed by his counsel to force him to plead guilty to the violation of probation and robbery charges. The coercion employed allegedly consisted of counsel's advice, and Petitioner's fear, that if he did not plead guilty, he would receive a much heavier sentence upon conviction.

■ An accused's natural fear of the penalty he faces does not make out a case of coercion—any defendant in a criminal case would have this fear. Nor does an agreement to dismiss other charges make out a case of coercion. Busby v. Holman, supra. Where a petitioner seeking writ of habeas corpus

attacks a conviction on a guilty plea alleging coercion, the issue is whether the state induced the plea by overcoming petitioner's ability to make a voluntary decision. Busby; Cortez v. United States, 337 F.2d 699 (9th Cir. 1964).

■ It is recognized that when an allegedly coerced plea is the grounds asserted for a petition for writ of habeas corpus, the petition can be denied without a hearing only if the petition, the files and records of the case conclusively show that the prisoner is entitled to no relief. Weed v. United States, 342 F.2d 971 (5th Cir. 1965); Howell v. United States, 355 F.2d 173 (10th Cir. 1966).

Even utilizing this test, this Court finds that Petitioner's contention of a coerced plea is wholly without merit, for it is utterly uncorroborated by the transcript, petition and files. The transcript reveals that in response to the Criminal Court's query, Petitioner affirmatively stated without equivocation that he had not been threatened in any way by anyone, and that he had been made no promises by anyone to induce a guilty plea. He testified that he was advised of his rights, that he understood the nature of the charges against him, and that he understood the consequences of his plea.

■ Careful scrutiny of the record reveals no possible basis for Petitioner's claim. His allegation that a "deal" of a guilty plea in exchange for leniency had been made and that he was fearful of a heavier sentence if he did not so plead is not sufficient to make out a case of coercion. Busby v. Holman, supra. Careful examination of the petition and transcript discloses nothing to indicate that the state induced the plea by overcoming Petitioner's ability to make a voluntary decision. The record is indeed conclusive in showing that Petitioner is entitled to no relief.

The Petition is therefore deficient on all grounds alleged. This Court must commend the Criminal Court of Hillsborough County for its painstaking inquiry into whether the plea was in fact

voluntarily made with an understanding of its consequences before the Court accepted the plea. The record reflects that if anything, the Criminal Court was zealous in its protection of Petitioner's constitutional rights.

Thereupon, it is,

Ordered and adjudged that the Petition be and the same is hereby denied without hearing.