UNITED STATES of America ex rel. James FLETCHER, Petitioner,

v.

Louie L. WAINWRIGHT, as Director of Division of Corrections of Florida and ex officio jailer of Raiford State Prison, Respondent.

Civ. No. 67–293.

United States District Court
S. D. Florida.
June 6, 1967.

---

Jack Nageley and Judith A. Brechner, Miami Beach, Fla., for petitioner.

Barry Semet, Asst. Atty. Gen., Miami, Fla., for respondent.

### ORDER

FULTON, Chief Judge.

Petitioner is presently serving concurrent sentences in the Florida State Prison at Raiford, Florida upon convictions for grand larceny and breaking and entering. He seeks a writ of habeas corpus on the grounds that he was unlawfully arrested without a warrant, and that evidence obtained without a search warrant and by means of an unreasonable search was introduced against him at trial.

■ A detainer has been filed against James Fletcher in favor of the Department of Public Safety, Springfield, Illinois, based upon his convictions in the Criminal Court of Cook County. Pursuant to said detainer, petitioner will be returned to continue serving his five concurrent minimum terms of six years at the Joliet Division of the Illinois State Penitentiary. Habeas corpus is not available unless the prisoner petitioner is thereby entitled to immediate release. McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238 (1934). Inasmuch as petitioner would not be entitled to immediate release even if his Florida conviction and sentence were set aside, his petition must be denied.

■ Moreover, even if the merits of said petition are considered, he is still not entitled to relief. It is by now well established that an alleged unlawful arrest without a warrant is not grounds for issuing a writ of habeas corpus under 28 U.S.C. § 2254 unless that arrest in some way deprived petitioner of a fair trial. Fernandez v. Klinger, 346 F.2d 210 (9th Cir. 1965); Green v. Yeager, 223 F.Supp. 544 (D.C.N.J.1963), affirmed 332 F.2d 794 (3rd Cir. 1964); Howard v. State of Florida, 259 F.Supp. 499 (D.C.Fla.1966).

Petitioner alleges that he was deprived of a fair trial in that evidence obtained by an unreasonable search without a warrant was introduced against him at trial. The facts surrounding the alleged search are admitted by both petitioner and respondent, so that the only question remaining for this Court to decide is whether the search was unreasonable as a matter of law.

Briefly these facts may be set forth as follows. After receiving a radio report of a window smashing at the jewelry shop in the Fontainbleau Hotel by three men in a 1962 or 1963 red Chevrolet, Miami Beach police officers traced a red automobile with a warm engine found in the parking lot of the nearby Moulin Rouge Motel as having been rented by the occupant of Room 209 of the Moulin Rouge Motel. When the officers knocked on the door of Room 209 and

identified themselves, the occupant responded "just a minute." After more knocks and a few minutes, one officer began to kick in the door, while another officer ran downstairs and outside Room 209. Scattered on the ground and in the shrubbery below, he found the jewelry, jewelry stand and clothing whose admission into evidence has been strongly contested by petitioner. That jewelry was later identified by the Fontainebleau shop as the jewelry which had been snatched in the window smashing. The other officer who had kicked in the door to Room 209 found the room empty, its window open, and seized nothing therein which was later admitted into evidence at trial.

The search of Room 209 by the officer who kicked in the door cannot be complained of, for no fruits of that search were used against petitioner at trial. Merritt v. State of Florida, 270 F.Supp. 223, United States District Court, Southern District of Florida, Order of September 22, 1966. Indeed, it is not disputed that this officer found nothing in Room 209, so that his search was fruitless.

Petitioner's grievance is directed at the search of the ground and shrubbery outside and directly below Room 209, which search produced the jewelry, jewelry stands and clothing later admitted into evidence against him at his trial. Before petitioner can claim that his Fourth Amendment rights have been violated by an unreasonable search and seizure, it must be shown that the area searched was one that is constitutionally protected by the Fourth Amendment.

Although it has been held that the inside of a hotel room is a "home" for purposes of the Fourth Amendment and is therefore constitutionally protected, and that an enclosed backyard is part of the curtilage of a private home so that it too is protected against unreasonable searches, it has not been held that a motel's grounds are constitutionally protected vis-à-vis an occupant of a room therein.

On the contrary, the Fifth Circuit Court of Appeals has held that the corridors and yards about a motel are shared or public property, and therefore are not protected by the Fourth Amendment against unreasonable searches vis-à-vis an occupant of a motel room. In Marullo v. United States, 328 F.2d 361 (5th Cir. 1964), cert. den. 379 U.S. 850, 85 S. Ct. 93 (1964), 13 L.Ed.2d 53, a search was made without a warrant of a motel cabin, and of the area under the cabin— the cabin rested on brick pillars. Material seized under the cabin was admitted into evidence against the defendant. Recognizing that a motel room and the backyard of a home are protected areas, the Court nevertheless held:

A home owner or tenant has the exclusive enjoyment of his home, his garage, his barn or other buildings, and also the area under his home. But a transient occupant of a motel must share corridors, sidewalks, yards and trees with the other occupants. Granted that a tenant has standing to protect the room he occupies, there is nevertheless an element of public or shared property in motel surroundings that is entirely lacking in the enjoyment of one's home.

On clarification, the Court added that inasmuch as the location of the evidence in question was not within the protection of the Fourth Amendment, the reasonableness of the search was not a relevant constitutional consideration. Marullo v. United States, 330 F.2d 609 (5th Cir. 1964).

The contention made by petitioner that the arresting police officers did not comply with Section 901.19(1), Florida Statutes, concerning the right of an officer to break in a door or window of a building is not well taken. Whether the officer complied with said statute by state standards is not for this Court to decide. Belo v. Sykes, 360 F.2d 411 (5th Cir. 1966). Moreover, as set forth above, the alleged illegality of the arrest is not sufficient grounds for habeas corpus relief.

Finally, in light of the *Marullo* case, petitioner's allegation that the police officers were trespassers is likewise without merit.

Ordered and adjudged that petitioner's petition for writ of habeas corpus be and and the same is hereby denied.