Rayfield MOORE, Appellant,

v.

Louie L. WAINWRIGHT, Director, Florida Division of Corrections, Appellee.

No. 26090.

United States Court of Appeals
Fifth Circuit.

Oct. 11, 1968.

Rayfield Moore, pro se.

Earl Faircloth, Atty. Gen., Tallahassee, Fla., Charles Musgrove, Asst. Atty. Gen., Vero Beach, Fla., for appellee.

Before RIVES and DYER, Circuit Judges, and MEHRTENS, District Judge.

PER CURIAM:

The United States District Court denied Moore's petition for habeas corpus and he appeals. We affirm.

The appellant was indicted for the capital offense of murder in the first degree. The state trial court appointed counsel to represent him. On January 26, 1966, the appellant, with his counsel present, tendered a plea of guilty of second degree murder, which was agreed to by the State and accepted by the court after extensive questioning of the appellant. A sentence of imprisonment for thirty-five years was imposed on February 18, 1966.

The appellant's contentions that the District Court erred in considering his past record in imposing sen-

tence, and that the sentence is illegal because the name of the prison was misspelled in the transcript, are obviously without merit. The same is true of the appellant's allegations of delay in preliminary hearing and lack of counsel there and at his first arraignment, since he was represented by counsel at the re-arraignment when he pleaded guilty. Busby v. Holman, 5 Cir. 1966, 356 F.2d 75.

The appellant also contends that the District Court erred in denying him an evidentiary hearing on his allegation that his counsel coerced his guilty plea by advising him that because of his confession and his criminal record if he went to trial he was in danger of receiving the death penalty.

■ The District Court rejected the appellant's contention of coercion largely on the basis of the transcripts of the proceedings at which the appellant plead guilty and was sentenced. These show that the appellant expressed full confidence in his attorney, with whom he had fully consulted; he averred that the proceedings against him had been fair; and he evinced an unqualified desire to plead guilty upon his counsel's advice.

■■ Counsel for the defense would have been remiss in his duty if he had failed to warn the appellant of the risks attendant upon standing trial for the capital offense, in which the murder victim was a woman. Fear of the death penalty by one charged with a capital offense does not constitute such coercion as will invalidate a plea of guilty. Cooper v. Holman, 5 Cir. 1966, 356 F.2d 82; Busby v. Holman, supra. Nor has the appellant alleged facts which would constitute ineffective assistance of counsel. See Gibbs v. Beto, 5 Cir. 1964, 332 F.2d 442; Busby v. Holman, supra. That the appellant is alive today may well be an indication of the effectiveness of his counsel's representation of him.

The judgment of the District Court is

Affirmed.