**Rayfield MOORE, Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, Director, Division of Corrections, Respondent-Appellee.**

**No. 72-1258**
**Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

April 17, 1972.

Rehearing Denied May 22, 1972.

---

\* [1] Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of N. Y., 431 F. 2d 409, Part I (5th Cir. 1970).

Rayfield Moore, pro se.

Robert L. Shevin, Atty. Gen., Tallahassee, Fla., William W. Herring, Asst. Atty. Gen., West Palm Beach, Fla., for respondent-appellee.

Before BELL, DYER and CLARK, Circuit Judges.

**PER CURIAM:**

Rayfield Moore, a prisoner of the State of Florida, appeals from the denial by the United States District Court of his second petition for habeas corpus relief. We affirm in part and vacate and remand in part.

In these proceedings, the appellant is attacking the validity of the conviction and sentence by authority of which he is confined. This is a conviction for second-degree murder based on his plea of guilty, entered on advice of court-appointed counsel. Moore was sentenced on February 18, 1966 to serve 35 years, in the Fifteenth Judicial Circuit Court of the State of Florida; and there was no direct appeal.

■ Appellant now contends that he was not advised of the maximum penalty for the offense, which is life imprisonment or any term of years not less than twenty. The district court held that this contention was refuted by Moore's own statement to the court immediately prior to sentencing. The record supports this construction as reasonable. Therefore, we need not pass on the correctness of the district court's alternative ruling that the contention amounted to an abuse of the writ of habeas corpus, because Moore did not present it in his earlier federal habeas petition. *See* Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963), and Fulford v. Smith, 432 F.2d 1225 (5th Cir. 1970).

This court affirmed the district court's previous denial of habeas corpus relief to the appellant, Moore v. Wainwright, 401 F.2d 525 (5th Cir. 1968), holding that Moore's guilty plea was not coerced by his counsel's advice regarding the possibility that the death penalty would result from conviction upon a not guilty plea. The court also dismissed as obviously without merit contentions relating to sentencing, a spelling error in the transcript, and delay and counsel rights in preliminary proceedings. Finally, relief was denied on his contention of ineffective assistance of counsel on the ground that he had not alleged facts which would support it. 401 F.2d at 526.

■ In the instant habeas petition, the appellant sought to remedy the latter defect by several pages of allegations. These included the assertion of an alleged promise to Moore, relayed to him by his counsel, that if he would plead

guilty his past record would not be used in court against him.[1] *Cf.* Santobello v. New York, 404 U.S. 251, 92 S.Ct. 495, 30 L.Ed.2d 427 [1971]; James v. Smith, 455 F.2d 502 (5th Cir. 1972) [1972]. The district court in the present proceedings did not make any findings of fact concerning this alleged ground for relief. As the language of our previous holding shows, Moore did not withhold the effective assistance of counsel point. The weight and merit to be accorded to the allegation concerning the alleged plea-bargain promise on this effectiveness of counsel issue must be resolved by the trial court.

In his application for certificate of probable cause and brief filed in this court, the appellant alleges for the first time that invalid prior convictions were considered by the trial judge in imposing sentence on him. See United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 [1972]. Not only was this contention not made below, but also it appears from the record that the appellant has not exhausted his available state remedies on the point. Therefore it will not be adjudicated on this appeal. Chunn v. Clark, 451 F.2d 1005 (5th Cir. 1971), and cases cited therein.

On remand, it would be appropriate for the district court to dismiss this case without prejudice to allow Moore to exhaust his state remedies (which would include a motion to vacate filed in the sentencing court as authorized by Rule 1.850, Florida Rules of Criminal Procedure, 33 F.S.A.; and appeal to the appropriate District Court of Appeal if relief is denied) on his claim concerning validity of the prior convictions. In the event the state courts deny post-conviction relief on this ground, Moore would be entitled to file a new habeas corpus petition in the district court to assert any federal issues in connection with his effective counsel and prior conviction contentions. Spencer v. Wainwright, 403 F.2d 778 (5th Cir. 1968).

Therefore, we vacate the district court's dismissal of the appellant's habeas corpus petition and remand the case for further proceedings not inconsistent with this opinion.

Affirmed in part, vacated in part, and remanded.

---

1. The record shows that Moore has exhausted his available state post-convic-tion remedies on these contentions, as is required by 28 U.S.C.A. § 2254.