UNITED STATES of America,
Appellee,
v.
Ray JONES, Jr., Appellant.

UNITED STATES of America,
Appellee,
v.
Vernon COOPER, Appellant.

UNITED STATES of America,
Appellee,
v.
Frederick CHILDS, Appellant.
Nos. 11520-11522.

United States Court of Appeals
Fourth Circuit.

Argued Jan. 10, 1968.

Decided March 18, 1968.

568

◆

George A. Fath, Alexandria, Va., Court-appointed counsel, for appellants.

Stefan C. Long, Asst. U. S. Atty. (C. V. Spratley, Jr., U. S. Atty., on brief), for appellee.

Before SOBELOFF and CRAVEN, Circuit Judges, and KELLAM, District Judge.

PER CURIAM:

Jones, Cooper, and Childs were indicted by the Federal Grand Jury and tried for escape in violation of 18 U.S.C. § 751(a).[1] At the trial it was shown that on February 10, 1967, all three defendants were missing from the Lorton Reformatory at 4:00 P.M. On February 11, the defendants were discovered at liberty in Washington, D. C., taken into custody, and returned to confinement in the District of Columbia jail.

 The indictment under which the defendants were tried charges three elements: (1) an escape (2) from an institution in which the defendant is confined by direction of the Attorney General, i. e., the District of Columbia Department of Corrections, Reformatory Division, (3) and that confinement was by virtue of a conviction of a felony.[2] The questions presented on this appeal relate to the second and third elements.

---

1. "§ 751. Prisoners in custody of institution or officer

"(a) Whoever escapes or attempts to escape from the custody of the Attorney General or his authorized representative, or from any institution or facility in which he is confined by direction of the Attorney General, or from any custody under or by virtue of any process issued under the laws of the United States by any court, judge, or commissioner, or from the custody of an officer or employee of the United States pursuant to lawful arrest, shall, if the custody or confinement is by virtue of any offense, be fined not more than $5,000 or imprisoned not more than five years, or both; or if custody or confinement is for extradition or by virtue of an arrest or charge of or for a misdemeanor, and prior to conviction, be fined not more than $1,000 or imprisoned not more than one year, or both."

2. Examination of the statute suggests the possibility that the government may have undertaken by the form of the indictment a harder burden of proof than necessary.

The defendants challenge the admission into evidence of the "Judgment and Commitment" papers on the ground that the documents were unauthenticated copies. But on the face of each document is the following inscription: "It Is Ordered that the Clerk deliver a certified copy of this judgment and commitment to the United States Marshall or other qualified officer *and that the copy serve as the commitment of the defendant.*" (Italics added.) The reverse side of each document bears the return of the United States Marshal showing that the prisoner was delivered to the Washington Asylum and Jail. We think that the district court may effectively provide that a copy of the judgment and commitment be treated as an original document. That it was so treated is established by competent parol testimony: the receiving clerk at Lorton Reformatory testified that he received the documents (as authority for the detention of the prisoners) via courier from the Washington Asylum and Jail. Although copies with respect to the district court, they professed to be, and were in fact, originals with respect to Lorton Reformatory where they were kept as authority for detention. Thus, they were admissible under 28 U.S.C.A. § 1732(a) as a writing made in the regular course of business. "If a writing purports to be an official report or record and is proved to have come from the proper public office where such official papers are kept, it is generally agreed that this authenticates the offered document as genuine." McCormick, Evidence § 191 (1954). It is clear that the documents offered in evidence were kept at Lorton although originating out of the district court. It is urged that the record clerk at Lorton who identified the papers could, of course, have had no personal knowledge of the conviction in the district court. But this goes to weight not admissibility. 28 U.S.C.A. § 1732 (a).

The defendants also contend that the government failed to prove that their confinement at Lorton was by direction of the Attorney General. It is true that the return on the reverse side of the judgment showed only that the prisoners were delivered to the Washington Asylum and Jail. But the government also introduced into evidence Lorton Reformatory Assignment and Movement Sheets which showed the date of arrival of each defendant. In addition, Joseph Coppola, the records clerk, testified that all prisoners were received from the District of Columbia jail, as were the commitment papers. This was sufficient evidence from which a jury could find that the defendants were confined in Lorton Reformatory at the direction of the Attorney General. It is "unnecessary to trace a prisoner by documentation from courtroom to the place from which he escaped in order to sustain a conviction for escape." Mullican v. United States, 252 F.2d 398, 403 (5th Cir. 1958). We think each element of the offense was established.[3] Cf., Strickland v. United States, 339 F.2d 866 (10th Cir. 1965).

We have examined the other contentions of the defendants and find them to be without merit.

Affirmed.

3. Since people are either in or out of prisson, and most of them lawfully so, it is difficult for a United States Attorney to fail to secure a valid conviction in a prosecution for escape—but he can accomplish it. We think it inexcusable that this case was presented in such a way as to raise difficult questions of competency of proof.

On the other hand, this is the kind of case which never should have been tried. Where there is no defense on the merits and the prosecution's case is readily provable, nothing is gained for the defendant by pleading not guilty and other opportunities, e. g., plea bargaining, may be lost by the entry of such a plea. In such a situation, counsel's primary duty to his client does not conflict with a proper sense of responsibility to the courts and the public. Both dictate that the client be advised strongly to plead guilty. But, of course, the ultimate decision belongs to the client. Thus we do not impute to counsel the responsibility for the unwise decision to force a full scale trial.