UNITED STATES of America,
Plaintiff-Appellee,

v.

Carl Nicholas DeCICCO a/k/a Carl
Nicholas DiCicco, Defendant-
Appellant.

No. 27442

Summary Calendar.

United States Court of Appeals
Fifth Circuit.

Sept. 10, 1969.

Henry Clay Mitchell, Jr., Pensacola, Fla., for defendant-appellant.

Clinton Ashmore, U. S. Atty., Stewart J. Carrouth, Asst. U. S. Atty., Tallahassee, Fla., for plaintiff-appellee.

Before BROWN, Chief Judge, THORNBERRY and MORGAN, Circuit Judges.

PER CURIAM:

Appellant was convicted by a jury under an indictment charging him with escape from Federal Prison Camp, Eglin Air Force Base, Florida, in violation of 18 U.S.C. § 751.[1] During the trial, the government introduced a judgment and commitment entered by the United States District Court for the Southern District of Florida, establishing that appellant had been previously convicted and committed to the custody of the Attorney General of the United States; but for some reason, unexplained in the trial of the case and unexplained here, the government failed to introduce documentary evidence that appellant's commitment in the Federal Prison Camp, Eglin Air Force Base, Florida,

---

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the Clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5th Cir. 1969, 409 F.2d 804.

at the time of his escape was pursuant to the latter conviction. Appellant urges here that there was not sufficient proof offered to show confinement at Eglin pursuant to commitment and sentence out of the United States District Court for the Southern District of Florida at the time of his escape on June 20, 1968, as charged in the indictment, and that this proof was a necessary element of the offense charged.

Before the government rested, several witnesses testified. One, an FBI agent, testified that after having been given full *Miranda* warnings the appellant admitted his confinement at Eglin as a trusty and that he had left on June 20, 1968 without authority. This testimony was received without objection. When the government rested its case, the appellant made his motion for acquittal on the ground that the government had failed to prove the confinement pursuant to the conviction in the United States District Court for the Southern District of Florida. Whereupon, the government moved to reopen its case. The court withheld ruling on the motion for judgment of acquittal and granted the government's motion to reopen its case. The government then placed on the stand a United States Deputy Marshal who testified that he had transported the appellant from Miami to the Federal Institution at Tallahassee, Florida and that he had later transferred appellant from the federal penitentiary in Atlanta, Georgia to the Federal Prison Camp at Eglin Air Force Base, Florida. The government next recalled Mr. Herbert F. Newton, Business Agent of the Federal Prison Camp at Eglin Air Force Base, Florida, who had previously testified to appellant's confinement at Eglin. Upon recall, Newton testified that to his own personal knowledge appellant, at the time of his escape, was confined at Eglin to serve the remainder of the sentence he had received in the United States District Court for the Southern District of Florida. After this testimony, the district court denied appellant's motion for judgment of acquittal which action is the subject of this appeal.

■■ After careful study of the entire record in this case, we conclude that there was sufficient evidence for the jury to find that at the time of his escape the appellant was confined at Eglin pursuant to the judgment of conviction and commitment in question. It is true that in a conviction for escape proof must be made of confinement pursuant to a conviction and that this is generally shown by official records. Mullican v. United States, 5th Cir., 1958, 252 F.2d 398. However, this does not mean that other proof cannot be made showing such confinement. In Strickland v. United States, 10th Cir. 1965, 339 F.2d 866, the court cited the *Mullican* case and at page 868 stated as follows:

> We do not hold that a complete documentary trail must be laid from the original conviction to the courthouse where the escape trial is taking place, but it must be demonstrated that the accused is confined by virtue of the conviction in the prison from which he escapes or attempts to escape.

In holding that there was such a demonstration in this case, we cannot but feel that the government could have saved the district court and this Court much judicial time if it had adequately prepared its case. We can only repeat what was said in United States v. Jones, 4th Cir. 1968, 392 F.2d 567, cited by the government brief in support of its case and applicable here:

> Since people are either in or out of prison and most of them lawfully so, it is difficult for a United States Attorney to fail to secure a valid conviction in a prosecution for escape—but he can accomplish it. We think it inexcusable that this case was presented in such a way as to raise difficult questions of competency of proof.

Affirmed.