**Wallace ANDERSON, Petitioner-Appellant,**

v.

**C. Murray HENDERSON, Warden, Louisiana State Penitentiary, Respondent-Appellee.**

**No. 30873**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

March 4, 1971.

</div>

* ▬ Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Wallace Anderson, pro se.

Charles W. Richard, Asst. Dist. Atty., Lake Charles, La., for respondent-appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

This appeal is from an order of the district court denying the petition of a Louisiana State prisoner for habeas corpus relief under 28 U.S.C. § 2241. Petitioner alleges that his plea of guilty was mentally coerced without full knowledge of the charges and consequences of his act of so pleading.

The district court held a full and complete evidentiary hearing and determined that the petitioner was represented in the state court by two competent counsel who made him fully aware of the effect of the guilty plea. The district court further found that after having been advised of the consequences of such a plea, petitioner voluntarily pleaded guilty to the charge.

If the best professional advice that a lawyer can give is to enter a plea of guilty, and the accused relies on his lawyer's expertise, the accused cannot later successfully urge that the plea was involuntary on the basis of counsel coercion. United States v. Jones, 4 Cir., 1968, 392 F.2d 567.

A perusal of the record does not substantiate appellant's claim that the plea was involuntarily entered on the basis of counsel coercion.

Affirmed.