**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 4, 2009

Charles R. Fulbruge III
Clerk

No. 08-10444
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

AMBER LEIGH SIEG,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
No. 4:07-CR-178-ALL

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Amber Sieg appeals her conviction of four counts of possessing and utter-
ing false securities, pursuant to 18 U.S.C. § 513(a). She contends the evidence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

was insufficient to prove that the victim alleged in the indictment, America's Cash Express ("ACE"), operated in interstate commerce or conducted operations that affected interstate commerce. The government contends that the district court did not err by granting its motion to reopen its case in chief to present evidence as to ACE's interstate commerce nexus; Sieg contends in her reply brief that the district court did err. Because the government raised the issue whether the district court erred by granting the motion to reopen, we exercise our discretion to consider the issue. *See United States v. Javier Ramirez*, No. 07-40442, 2009 WL 189071, at *1 (5th Cir. Jan. 28, 2009).

Jimmy Dee King's testimony, presented after the government reopened, explicitly established that ACE had a nexus to interstate commerce; his was the only testimony to do so and therefore was essential to proving that the business enterprise alleged as a victim in the indictment had the nexus to interstate commerce required by § 513(c)(4). *See United States v. Reasor,* 418 F.3d 466, 471, 477 (5th Cir. 2005). If the decision to allow the government to reopen its case-in-chief is not reversible error, then the evidence is sufficient to prove that ACE had the requisite nexus to interstate commerce.

The ruling was not an abuse of discretion. The motion was made shortly after the government had closed its case and during a discussion of whether the government had to prove an interstate commerce nexus at all; thus, the motion was timely. *See United States v. Walker,* 772 F.2d 1172, 1177 (5th Cir. 1985). Because King's testimony was the only evidence explicitly linking ACE to interstate commerce, the character, relevance, and adequacy of the testimony all weigh in favor of granting the motion to reopen. *See id*.

King's testimony unsurprisingly and easily proved that ACE was involved in interstate commerce. Sieg does not argue that she did not cash forged checks at ACE, and ACE's interstate commerce nexus arguably was the least important element of her offense. King was already on the government's witness list and had been sworn before he testified. His testimony thus did not catch Sieg

unprepared to meet it; indeed, counsel's motion for acquittal suggested that Sieg anticipated that the government might attempt to prove the interstate commerce nexus. *See Walker,* 772 F.2d at 1177; *see also United States v. Shaw,* 555 F.2d 1295, 1301 (5th Cir. 1977); *United States v. DeCicco,* 415 F.2d 799, 800 (5th Cir. 1969); *United States v. Duran,* 411 F.2d 275, 277 (5th Cir. 1969).

Sieg states that the court incorrectly instructed the jury on the definitions of "deception" and "organization." She does not argue this issue beyond merely stating it. To the extent she attempts to raise an argument about the jury instructions, she has failed to brief it. *See Yohey v. Collins,* 985 F.2d 222, 224-25 (5th Cir. 1993); *United States v. Green,* 964 F.2d 365, 371 (5th Cir. 1992).

AFFIRMED.