**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Ryan Lloyd Montgomery,**
**Plaintiff Below, Petitioner**

**v.)  No. 23-428** (Kanawha County 22-P-250)

**Russell Maston, Superintendent,**
**Saint Marys Correctional Center and Jail,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Ryan Lloyd Montgomery appeals the June 7, 2023, order entered by the Circuit Court of Kanawha County denying his petition for post-conviction habeas corpus.[1] On appeal, the petitioner argues that he was denied effective assistance of counsel and was illegally sentenced to a term of supervised release. Upon our review, finding no substantial question of law and no prejudicial error, we determine oral argument is unnecessary and that a memorandum decision is appropriate. *See* W. Va. R. App. P. 21(c).

In February 2012, an employee of a computer repair shop reported that he found child pornography on the petitioner's computer. Police seized the computer and, after obtaining a search warrant, found numerous images of child pornography on it. During the investigation, police also seized three movies from the petitioner's car that appeared to feature child pornography. After the petitioner was arrested, he was indicted for fifty-eight counts of possession of material depicting a minor engaged in sexually explicit conduct.[2] In September 2012, the petitioner pled guilty to eight counts of the indictment, and he signed a written guilty plea in open court. In January 2013, the court sentenced the petitioner to sixteen years of imprisonment and forty years of supervised release.

In April 2016, the petitioner filed a petition for a writ of habeas corpus which alleged, in part, that his guilty plea was involuntary because he was not advised of "the possibility of up to 50

---

[1] The petitioner appears by counsel Joseph H. Spano, Jr. The State appears by Attorney General John B. McCuskey and Assistant Attorney General Mary Beth Niday. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel.

[2] *See* W. Va. Code § 61-8C-3(1988) ("Any person who, with knowledge . . . possesses . . . any material visually portraying a minor engaged in any sexually explicit conduct is guilty of a felony, and upon conviction thereof, shall be imprisoned in the penitentiary not more than two years, and fined not more than two thousand dollars.").

years of Supervised Release." In July 2018, the circuit court dismissed this petition as moot because petitioner was released on parole.

In September 2021, the State filed a petition alleging that the petitioner violated the terms of his supervised release by possessing child pornography. In February 2022, the petitioner admitted to violating the terms of his supervised release, and the court sentenced him to twenty years of imprisonment.[3] Subsequently, the petitioner filed a second petition for a writ of habeas corpus, and his counsel filed an amended petition arguing that the petitioner should not have been imprisoned for violating supervised release because the court did not advise him during the plea hearing that supervised release would be a part of his sentence. The petitioner further argued that trial counsel provided ineffective assistance because he did not advise the petitioner, prior to his plea, that supervised release would be a part of his sentence.

At the omnibus hearing, the petitioner testified that when he pled guilty, he thought he was "getting effectively eight years, but it wasn't until the sentencing that they mentioned the forty years of supervised release, which I hadn't heard of before . . . and they didn't even explain what it was at the court hearing. They just said . . . supervised release." The petitioner stated that after his sentencing hearing, he met with his counsel for "[a]bout [thirty] seconds" in the holding cell outside the courtroom and signed the order notifying him of the terms of supervised release, but the petitioner testified that his counsel did not explain the order to him, and he did not know "what supervised release even was . . ." when he signed the order. The petitioner pointed out that he had "turned down a ten-count plea," and that, had he known about the possibility that he would be sentenced to a term of supervised release, he would have gone to trial because "[t]he difference between eight years and potentially [fifty-eight] years is a difference between a manageable sentence . . . and . . . basically a life sentence." The petitioner continued, "I think that's why . . . they didn't tell me about it because . . . they wanted to make sure it would keep me docile and plead guilty," and he felt as though he was "tricked out of [his] right to a trial." On cross-examination, the petitioner admitted that he never filed a motion to withdraw his plea, and he did not object to the term of supervised release until he filed the petition for habeas corpus relief. The petitioner did not present any further evidence, and the State called no witnesses in rebuttal.[4]

Ultimately, the circuit court denied the petition for habeas corpus finding that "[t]rial counsel was reasonably effective in this case," and "[t]he petitioner entered a fully counseled, voluntary, knowing, and intelligent guilty plea." The court further found that supervised release was "mandatory for the offenses committed by the petitioner," and "[f]ailure to impose supervised release . . . would have resulted in an illegal sentence." Moreover, the court found that "the petitioner signed the notification of the requirements of supervised release on the same day he was sentenced," and he never challenged the imposition of supervised release "until he violated the terms (some eight years after he signed the notice) and was sentenced to prison for those violations." The court compared the petitioner's delayed challenge to *State v. Michael Austin S.*,

---

[3] *See* W. Va. Code § 62-12-26(h)(3) (providing that the court may revoke a term of supervised release if it finds by clear and convincing evidence that the petitioner violated a condition of supervised release).

[4] Trial counsel did not testify at the omnibus hearing.

No. 14-0133, 2015 WL 7304499, at *5 (W. Va. Nov. 19, 2015) (memorandum decision), in which this Court denied a challenge to a term of supervised release and opined that the petitioner's "time to object was at the time of sentencing, not some two years later." The court added that the petitioner pled guilty because he "received a substantial benefit in the plea agreement—he eliminated exposure to an additional one hundred (100) years in prison[,]" and that the petitioner's "pleas were motivated by the very substantial benefit of reducing prison exposure. It would not have been rational for [the] petitioner to reject the plea particularly since supervised release was an inevitable result of any legal sentence." The court concluded that "[t]he error, if any, was harmless."

The petitioner now appeals. We review the circuit court's order "and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, in part, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

First, the petitioner argues that his prison sentence for violating supervised release is illegal because the circuit court failed to advise him of the effect of supervised release at his plea hearing. This Court has consistently held that "[a] habeas corpus proceeding is not a substitute for a writ of error in that ordinary trial error not involving constitutional violations will not be reviewed." Syl. Pt. 4, *McMannis v. Mohn*, 163 W. Va. 129, 254 S.E.2d 805 (1979). Further, we have held that

> [a] habeas petitioner may successfully challenge a guilty-plea conviction based upon an alleged violation of Rule 11 of the West Virginia Rules of Criminal Procedure only by establishing that the violation constituted a constitutional or jurisdictional error; or by showing that the error resulted in a complete miscarriage of justice, or in a proceeding inconsistent with the rudimentary demands of fair procedure. Moreover, the petitioner must also demonstrate that he was prejudiced in that he was unaware of the consequences of his plea, and, if properly advised, would not have pleaded guilty.

Syl. Pt. 10, *Vernatter v. Warden*, 207 W. Va. 11, 528 S.E.2d 207 (1999). This Court likewise made clear in *Vernatter* that "a prisoner may not collaterally attack a guilty plea under Rule 11 where 'all that is shown is a failure to comply with the formal requirements of the Rule.'" *Id.* at 20, 528 S.E.2d at 216 (quoting *United States v. Timmreck*, 441 U.S. 780, 785 (1979)).

Before accepting the petitioner's guilty plea, Rule 11(c)(1) of the West Virginia Rules of Criminal Procedure required the court to inform the petitioner of "the maximum possible penalty provided by law[.]" The penalty in the petitioner's case included up to fifty years of supervised release, in addition to the penalties provided for the underlying convictions. W. Va. Code § 62-12-26(a) (2011); *see* Syl. Pt. 11, in part, *State v. James*, 227 W. Va. 407, 710 S.E.2d 98 (2011) (holding that supervised release is "additional punishment" that is an "inherent part of the sentencing scheme for certain offenses enumerated in West Virginia Code § 62-12-26"). Even if the circuit court erred by failing to conduct a sufficient colloquy with the petitioner during his plea hearing regarding the effect of supervised release, we conclude that the petitioner has failed to demonstrate that he would not have pleaded guilty if he had been so advised by the court. *See Vernatter* at 14, 528 S.E.2d at 210, Syl. Pt. 10. To prove prejudice, the petitioner needed to "convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010). Thus, "we look to the factual circumstances surrounding the plea to determine whether [the petitioner] would have proceeded to trial." *United*

3

*States v. Clingman*, 288 F.3d 1183, 1186 (10th Cir. 2002). Here, petitioner did not ask to withdraw his plea. Rather, he seeks to enjoy the benefits of the plea agreement, which dismissed fifty felony charges against him, and avoid the consequences of his admission that he violated the terms of supervised release. As noted by the court, the petitioner avoided the possibility of an additional one hundred years of imprisonment by virtue of the plea agreement, and "[i]t would not have been rational for [the] petitioner to reject the plea particularly since supervised release was an inevitable result of any legal sentence." Additionally, the petitioner does not argue, nor does the record indicate, that he had a defense on the merits to the charges. In such a case, where "the prosecution's case is readily provable, nothing is gained for the defendant by pleading not guilty[.]" *Montgomery v. Ames*, 241 W. Va. 615, 627, 827 S.E.2d 403, 415 (2019) (quoting *United States v. Jones*, 392 F.2d 567, 569 n.3 (4th Cir. 1968)). After considering the circumstances of this case, we conclude that the court did not abuse its discretion when it denied this claim, because the petitioner failed to "demonstrate that he was prejudiced" by the court's failure to advise him of the effect of supervised release, assuming it did fail to advise him of supervised release. *Vernatter*, 207 W. Va. at 14, 528 S.E.2d at 210, Syl. Pt. 10, in part.

Finally, the petitioner argues that he was denied effective assistance of counsel because, prior to his guilty plea, trial counsel did not advise him that supervised release would be a part of his sentence. The petitioner also claims that his attorney's failure prejudiced him because he would have gone to trial if he had known about the possibility of supervised release. To establish ineffective assistance, the petitioner must demonstrate that "(1) [c]ounsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceedings would have been different." Syl. Pt. 5, in part, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). Further, when deciding ineffective assistance claims, "a court need not address both prongs of the conjunctive standard of [*Strickland/Miller*] but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test." Syl. Pt. 5, in part, *Daniel v. Legursky*, 195 W. Va. 314, 465 S.E.2d 416 (1995). The circuit court denied this claim because the petitioner failed to prove that if counsel had informed him "of the requirement of supervised release, he would not have pled guilty." After careful consideration of the record, including the reasons stated in the preceding paragraph, we agree. Thus, we conclude that the court did not abuse its discretion when it denied this claim on the basis that the petitioner failed to prove prejudice.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 28, 2025

**CONCURRED IN BY:**

Chief Justice William R. Wooton
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice C. Haley Bunn
Justice Charles S. Trump, IV

4