**Arthur Lee HAMILTON, Appellant,**

v.

**STATE OF FLORIDA, Appellee.**

**No. 25261.**

United States Court of Appeals
Fifth Circuit.

March 15, 1968.

Arthur Lee Hamilton, pro se.

Earl Faircloth, Atty. Gen., Raymond L. Markey, Asst. Atty. Gen., Tallahassee, Fla., for appellee.

Before WISDOM, BELL and DYER, Circuit Judges.

PER CURIAM:

Appellant, a Florida state prisoner represented by court appointed counsel, was sentenced to life imprisonment in 1962 on a plea of guilty to a charge of murder. His petition for habeas corpus was denied without an evidentiary hearing in the District Court.

His contentions were that he was held incommunicado for eleven days; that his counsel was inadequate and incompetent; that he was arrested without a warrant; and that he was not taken before a magistrate. There is no allegation whatever to connect these charges with the decision to plead guilty. We held in Busby v. Holman, 5 Cir., 1966, 356 F.2d 75, 77, that:

"* * * the plea, if voluntarily and understandingly made, is conclusive as to the defendant's guilt, admitting all the facts charged and waiving all non-jurisdictional defects in the prior proceedings against him."

See also Broxson v. Wainwright, 5 Cir., 1967, 372 F.2d 944. Thus relief to appellant is precluded by his plea absent, as here, an allegation that the plea of guilty was involuntary.

Appellant's only claim in this respect is contained in his brief in this court: That his counsel threatened him with the electric chair if he did not plead guilty. We construe this bare statement to mean that counsel advised him of the possibility that he could receive the death sentence. This, of course, was no more than what a competent lawyer would do in canvass-

ing the alternatives available to a defendant. See Cooper v. Holman, 5 Cir., 1966, 356 F.2d 82, 85. There is no merit in the petition.

Affirmed.