Charles Clyde **ROGERS**, Appellant,

v.

Louie L. **WAINWRIGHT**, Director, Division of Corrections, State of Florida, Appellee.

No. 25417.

United States Court of Appeals
Fifth Circuit.

May 17, 1968.

Rehearing Denied June 27, 1968.

Charles  Clyde  Rogers,  pro  se.

Raymond L. Marky, Asst. Atty. Gen., Tallahassee, Fla., for appellee.

Before GEWIN and THORNBERRY, Circuit Judges, and EDENFIELD, District Judge.

PER CURIAM:

This appeal is from the denial of two habeas corpus petitions attacking the validity of petitioner's 1950 murder conviction and his 1961 rape conviction. Petitioner contends that the murder conviction is invalid for several reasons, the main one being that his confession was involuntary. The rape conviction is attacked on the ground that the guilty plea was coerced. The district court denied relief without a hearing. We affirm the dismissal of the petitions.

■ There is the initial consideration of whether the two life sentences imposed were concurrent or consecutive. An examination of the record convinces us they were concurrent. Therefore, if either of them is valid, petitioner is not entitled to habeas relief. Brown v. Beto, 5th Cir. 1967, 377 F.2d 950.

■ The record amply supports the conclusion that the 1961 guilty plea was not coerced. Petitioner has argued that while he was imprisoned he advised his attorney he intended to plead not guilty to the rape charge and that the attorney responded that if he did he would "get the chair for sure." Counsel also informed petitioner that if he would plead guilty he was sure a concurrent life sentence could be obtained. When petitioner arrived at the courthouse he again conferred with counsel and learned that the prosecutor had agreed that if he would plead guilty, he would get a concurrent life sentence instead of death. The record also reveals that before sentence was pronounced the judge and attorneys conferred in the judge's chambers. There the prosecutor indicated he had agreed to recommend a life sentence. The judge then told petitioner's counsel that if petitioner would "advisedly and freely and voluntarily enter such a plea," he would impose a life sentence.

■ Despite these events, petitioner contends the prosecutor threatened him with death if he did not plead guilty, but the record indicates only that the prosecutor made this recommendation to the judge. Moreover, although petitioner contends his attorney threatened him with the "chair" if he did not plead guilty, the record again shows that counsel merely advised him of the possible consequences of his plea. Neither of these contentions renders the plea involuntary because no federal court has held that a guilty plea induced by a prosecutor's promise for that reason alone is involuntary or that the advice of competent counsel to plead guilty is impermissible. See Brown v. Beto, supra, at 953; Busby v. Holman, 5th Cir. 1966, 356 F.2d 75. Furthermore, although plea bargaining took place we are persuaded the state trial judge determined that the plea was voluntary, that petitioner was capable of assisting counsel in determining what plea he should enter, and that petitioner understood the consequences of his action. This Court's reasoning in Cooper v. Holman, 5th Cir. 1966, 356 F.2d 82 is pertinent:

"The important thing is not that there shall be no 'deal' or 'bargain', but that the plea should be a genuine one, by a defendant who is guilty; one who understands his situation, his rights, and the consequences of the plea, and is neither deceived nor coerced."

Accordingly, since we are confident that petitioner's real complaint with his rape sentence is that he thought it was consecutive and thus mistakenly believed his agreement had been violated and that no action by the prosecutor or court-appointed counsel overcame petitioner's ability to make a voluntary decision, we hold that the guilty plea was voluntary and that the court below did not err in failing to hold a hearing as the record refuted the merit of the claim. See Broxson v. Wainwright, 5th Cir. 1967, 372 F.2d 944.

Affirmed.