**Henry A. PARRISH, Plaintiff-Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Defendant-Appellee.**

No. 26999.

United States Court of Appeals Fifth Circuit.

Aug. 4, 1969.

Rehearing Denied and Rehearing En Banc Denied Sept. 11, 1969.

---

I. We do not consider the denial of Bracht's claim for attorney's fees in view of his failure to take a cross-appeal.

Thomas S. Terrell, William A. Paddock, Houston, Tex. (court-appointed) for appellant.

Crawford C. Martin, Atty. Gen., Texas, Lonny F. Zwiener, Robert C. Flowers, Asst. Attys. Gen., Nola White, First Asst., Hawthorne Phillips, Executive Asst., W. V. Geppert, Staff Legal Asst., Austin, Tex., Thomas F. Keever, Asst. Atty. Gen., Houston, Tex., for appellee.

Before BELL and THORNBERRY, Circuit Judges, and CHOATE, District Judge.

PER CURIAM:

This is an appeal from a denial by the district court of a petition for a writ of habeas corpus after a full evidentiary hearing at which the petitioner was represented by court-appointed counsel and after which the trial court entered findings of fact and conclusions of law. Parrish urges that the judgment of the district court must be reversed on the grounds that his guilty plea was not voluntarily entered and that he was denied a fair jury trial. We affirm.

Parrish was indicted for rape, a capital offense. His retained attorney obtained the prosecuting attorney's agreement to recommend a ninety-nine year sentence if Parrish would plead guilty. After this agreement was obtained, appellant's mother went to the jail, along with his attorney and his sister-in-law. The mother pleaded with appellant to plead guilty and accept the ninety-nine year sentence. When Parrish acceded to her pleas, he was taken to the courthouse and his plea of guilty was formally entered before a jury selected from a panel of talesmen summoned by the court. Before being qualified, the jurors were asked by appellant's counsel only if they would abide by the recommendation of the district attorney to set punishment at ninety-nine years. After a brief deliberation, the jury assessed sentence in accordance with the plea bargain at ninety-nine years.

Parrish maintains that under all the circumstances his plea of guilty was the result of "mental coercion". In support of this position, he points to his limited education and youth; the psychological pressure created by his confinement for almost six months on "death row" in the city jail; the dramatic pleas of his mother and the pressure from his lawyer to plead guilty in order to escape the electric chair; threats by the prosecutor to "burn" him; the rushed court proceedings; and an inadequate determination of voluntariness at the acceptance of the plea. On balance, we conclude that appellant has failed to prove his plea of guilty was

involuntary. The threat, admittedly made, was made an appreciable time, almost twelve months, before the plea was bargained. It is therefore unlikely that the force generated by the threat, if any, affected the plea subsequently entered on the advice of counsel. Appellant's uncorroborated testimony that he was threatened at the time of the plea could be and was rejected by the court below. Tyler v. Beto, 5th Cir. 1968, 391 F.2d 993.

The claim by appellant of involuntariness is grounded largely on his mother's persuasion. This appears to be an inadequate basis to vitiate the plea. See Kent v. United States, 1st Cir. 1959, 272 F.2d 795, 798; Brown v. United States, 5th Cir. 1953, 204 F.2d 298, 300. The court below found that prior to accepting appellant's plea of guilty the trial court admonished him of the consequences of his plea, and concluded that the plea "was voluntarily made after consultation with both his family and his attorney." These findings are not clearly erroneous. Cooper v. Holman, 5th Cir. 1966, 356 F.2d 82.

 Appellant asserts he was deprived of a fair jury trial. The talesmen were selected from those present in the courthouse and as finally empaneled, consisted of two attorneys, two newspaper reporters, three deputy sheriffs and one investigator from the district attorney's office. Appellant contends that the jury was not composed of a cross-section of the community and that the jurors were improperly bound to the recommendation of the district attorney.

The state advances two sound answers to his contention: First, the plea of guilty, knowingly and voluntarily entered, constitutes a waiver of all non-jurisdictional defects and defenses. Streets v. Wainwright, 5th Cir. 1968, 402 F.2d 87, 88. Second, there is no federal constitutional necessity for a jury to set punishment on a guilty plea. A jury was empaneled only because one was required at the time by Texas law in all capital cases. In essence, the facts of this case disclose that appellant entered a plea of guilty and received the sentence agreed upon as a result of plea bargaining. We have held that this is constitutionally permissible. Rogers v. Wainwright, 5th Cir. 1968, 394 F.2d 492; Hamilton v. Florida, 5th Cir. 1968, 390 F.2d 872.

Affirmed.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

Before BELL and THORNBERRY, Circuit Judges, and CHOATE, District Judge.

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.