Henry Travis **SCHNAUTZ**, Jr., Plaintiff-
Appellant,

v.

Dr. George J. **BETO**, Director, Texas De-
partment of Corrections, Defendant-
Appellee.

No. 26648.

United States Court of Appeals
Fifth Circuit.

Sept. 11, 1969.

Rehearing Denied and Rehearing En
Banc Denied Oct. 6, 1969.

Clyde W. Woody, Marian S. Rosen, Woody & Rosen, Houston, Tex., for appellant.

Crawford C. Martin, Atty. Gen. of Texas, Jo Betsy Lewallen, Asst. Atty. Gen., Austin, Tex., Nola White, First Asst. Atty. Gen., Hawthorne Phillips, Staff Legal Asst., Robert C. Flowers, Asst. Atty. Gen., Austin, Tex., for appellee.

Before JOHN R. BROWN, Chief Judge, DYER, Circuit Judge, and HUNTER, District Judge.

PER CURIAM:

This is an appeal by Schnautz from an order of the United States District Court for the Western District of Texas, denying his application for a writ of habeas corpus. We reverse and remand.[1]

---

1. Without any change in the result, the opinion dated June 30, 1969 is withdrawn and this opinion is substituted therefor. Except as reflected herein, the Petition

for Rehearing is denied. A separate order will be entered with respect to the petition for rehearing en banc.

For years appellant had been addicted to the use of narcotics and had been treated periodically for his addiction by both private and public health services. His counsel arranged for him to be indicted so that he might receive compulsory treatment for narcotics addiction. This indictment alleged that Schnautz was under the influence and was an habitual user of narcotics. He was released on bond and was subsequently arrested and indicted for burglary. On April 4, 1966, pleas of guilty were entered as to both the narcotics and burglary indictments. Schnautz was sentenced to three years on the habitual user charge. The sentence was suspended and he was placed on probation for three years; a condition was that appellant commit himself to the Public Health Service in Fort Worth, Texas and remain there until discharged. He was sentenced to an indeterminate term of from two to ten years on the burglary charge, the sentence to run concurrently with the narcotics sentence. It is the burglary sentence which is under attack.

The facts are not in dispute. The district judge was not obligated to hold an evidentiary hearing where, as here, a full and fair hearing had been held during the state court proceeding. The transcript of that proceeding was received in evidence in lieu of an independent hearing. The district judge adopted the findings and conclusions of the state judge. These findings contained a conclusion that the guilty plea was wholly voluntary.

A plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction. The question of voluntariness involves a federal constitutional right and is governed by federal standards. Boykin v. Alabama, 395 U.S. 238, 89 S. Ct. 1709, 23 L.Ed.2d 274, June 2, 1969.

Schnautz was an acknowledged narcotics addict who had surrendered himself only three days prior to his trial. The effects of the drug paraldehyde administered to the appellant in his condition of withdrawal can only be speculated upon; however, as this Court stated in Manley v. United States (5th Cir., 1968), 396 F.2d 699, at 701:

> "It is hardly necessary to add that certainty as to the lack of any mental effects from drugs upon a defendant in his trial and conviction is a matter of particular judicial solicitude. Hayes v. United States, supra, 305 F.2d 540, at 543."

So far as the record shows, the sentencing judge asked no questions of petitioner as to his understanding of the charge and the voluntariness of his proffered plea. We do not hold "that the prophylactic procedures of Criminal Rule 11 are substantially applicable to the States as a matter of federal constitutional due process,"[2] but we are persuaded that under the total circumstances here the trial judge should have interrogated Schnautz to make sure he had a full understanding of what the plea connoted and of its consequences. The record is wholly silent on this point and Boykin requires reversal.

There is another facet of this case requiring comment. All pleas of guilty are the result of some pressures or influences on the mind of the defendant. This is a good time to make it plain that when a defendant has counsel, as he did here, that counsel is the manager of the law suit. If the best professional advice that a lawyer can give is to enter a guilty plea and the accused relies on his lawyer's expertise, the accused cannot later successfully urge the plea was involuntary on the basis of counsel coercion. See United States v. Millican, 414 F.2d 811 (5th Cir.); United States v.

---

2. The Supreme Court, in *Boykin*, vacated the judgment on the ground that the record failed to adequately show an intelligent and knowing plea of guilty. Justices Harlan and Black argued in their dissent, "[t]he Court thus in effect fastens upon the States, as a matter of federal constitutional law, the rigid prophylactic requirements of Rule 11 of the Federal Rules of Criminal Procedure."

Jones (4th Cir. 1968), 392 F.2d 567 at 569, footnote 3. This is a good time, too, to reiterate the principle that a plea is not rendered involuntary solely because it was induced as a result of a plea-bargaining situation. Rogers v. Wainwright (5th Cir. 1968), 394 F.2d 492; Parrish v. Beto, 414 F.2d 770, 5th Circuit, August, 1969. We do not depart from the principles enunciated in *Parish*. We re-affirm them.

■ The crucial issue is whether, under all the facts and circumstances, the plea was truly voluntary. The plea must be a genuine one by a defendant who understands the situation, his rights, and the consequences of his plea and is neither deceived nor coerced. We reverse and remand with instructions that the writ issue without prejudice to the State of Texas to re-try petitioner if it elects to do so.

## PETITION FOR REHEARING EN BANC

PER CURIAM:

The Petition for Rehearing having been heretofore denied (see note 1 Court's opinion Sept. 11, 1969) and the Court having been polled at the request of one of the members of the Court and a majority of the Circuit Judges who are in regular active service not having voted in favor of it (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12), the Petition for Rehearing En Banc is denied.

Before JOHN R. BROWN, Chief Judge, WISDOM, GEWIN, BELL, THORNBERRY, COLEMAN, GOLDBERG, AINSWORTH, GODBOLD, DYER, SIMPSON, MORGAN, and CARSWELL, Circuit Judges.

COLEMAN, Circuit Judge (dissenting).

I respectfully dissent from the denial of an en banc consideration of this case.

Schnautz pleaded guilty in the state court. He was a narcotics addict, but for three days previously had received no narcotics. The panel opinion, dated September 11, 1969, concedes that after "a full and fair hearing" the state court found the plea to have been "wholly voluntary". The District Court found likewise. Nevertheless, the plea is now invalidated in an opinion which shuns any assertion that these findings were clearly erroneous. The findings are brushed aside on the premise that under the circumstances the state trial judge should have questioned Schnautz as to his understanding of the charge and the voluntariness of the plea.

If such abstinence, standing alone, is of itself enough to destroy the findings of two judges, one state and one federal, then I must ask what the suggested questions and answers would have been worth. Under the rationale of this decision they could not have been worth any more than the response to the inquiry as to how the defendant wished to plead. Moreover, if Schnautz had pleaded guilty at a time when he was under the influence of narcotics that plea most certainly would have been set aside.

The result of this non sequitur is that once again the federal courts move in to render ineffectual the efforts of the state courts to perform the functions confided to them. To this I am unalterably opposed.

The federal courts must be vigilant to protect the constitutional rights of all citizens. They are not justified, in the absence of further facts, in destroying a guilty plea on the fiat that when an addict pleads guilty after three days abstention the plea must be supported by responses given to other questions while the defendant is in the same condition.

I respectfully dissent.