**Benjamin D. CHISHOLM, Petitioner,**

v.

**Louie L. WAINWRIGHT, Director, Florida Division of Corrections, Respondent.**

**Civ. No. 69–1137.**

United States District Court
S. D. Florida,
Miami Division.

Nov. 13, 1969.

Earl Faircloth, Atty. Gen., State of Florida, and Arden M. Siegendorf, Asst. Atty. Gen., Miami, Fla., for respondent.

### ORDER DENYING PETITION

ATKINS, District Judge.

This cause is before the Court on the Petition for Writ of Habeas Corpus of Benjamin D. Chisholm. The Response of the State has been received.

Petitioner was convicted of the crime of rape in the Dade County Circuit Court after pleading guilty. He was sentenced to life imprisonment. This plea of guilty is not being attacked as being the product of misapprehension and coercion thus making it involuntary and invalid. The Respondent does not argue that Petitioner has failed to exhaust his state court remedies on this ground.

The situation presented by this Petition is substantially identical to

that in Rogers v. Wainwright, 394 F.2d 492 (5th Cir.1968). There, as here, Petitioner alleged he plead guilty both because he feared the death penalty and that the defense counsel coerced him. Fear of the death penalty is not a ground for invalidating a plea of guilty. Moore v. Wainwright, 401 F.2d 525 (5th Cir.1968). A plea of guilty cannot be invalidated merely because it was advised by defense counsel. Busby v. Holman, 356 F.2d 75 (5th Cir.1966); Schnautz v. Beto, 416 F.2d 214 (5th Cir.1969). The record indicates that the Petitioner expressed confidence in his attorney and was satisfied with his representation. *Moore, supra,* at 526. This habeas court cannot say that either of the above reasons justifies a finding that Petitioner's plea of guilty was involuntary.

■ At the time the plea was entered the trial judge asked no questions of the Petitioner. There was no need to. United States ex rel. Crosby v. Brierley, 404 F.2d 790 (3rd Cir.1968). On the basis of the responses to questions asked by Mr. Garber and Mr. Kogan the trial judge was entitled to accept the plea as being entered voluntarily. Upon review of the transcript this habeas court is convinced that the plea was entered voluntarily. The Court is reinforced in this view since the plea was offered only after all the evidence had been presented by both the State and all of the defendants.

■ Where the record demonstrates that a plea of guilty is entered voluntarily there is no need for a federal habeas court to hold a hearing. *Rogers, supra*; Plaster v. United States, 381 F.2d 578 (5th Cir.1967). No independent hearing is required in this cause to determine the voluntariness of Petitioner's guilty plea.

■ Petitioner also alleges that he is entitled to relief because the trial judge refused to allow him to again change his plea at the time of sentencing. "There is no absolute right to withdraw a guilty plea before the imposition of sentence, but the right to do so is within the sound discretion of the trial court." Kirshberger v. United States, 392 F.2d 782, 787 (5th Cir.1968); United States ex rel. Thurmond v. Mancusi, 275 F.Supp. 508 (E.D.N.Y.1967). Since the record demonstrates the voluntariness of the plea it cannot be said that the trial judge abused his discretion.

■ However, the Court is not in a position to rule on this aspect of the Petition. The transcript of the sentence hearing is not before the Court. The Court would order its production from Respondent if it felt it bore on the issue before the Court. The denial of Petitioner's request to withdraw his guilty plea is a separate ground that has not been presented to the state courts. The requirements of Title 28 U.S.C.A. Section 2254(b) have not been satisfied. It is therefore

Ordered and adjudged that the guilty plea is found to have been made freely and voluntarily. The petition is dismissed with prejudice as to this ground. The second ground dealing with the withdrawal of the guilty plea is dismissed without prejudice to petitioner's reapplication for relief in the courts of the State of Florida.