434 F.2d 240
 James A. EASON, Petitioner-Appellant,
v.
Dr. George J. BETO, Director, Texas Department of
Corrections, Respondent-Appellee.
 No. 29716 Summary Calendar.*
*(1) Rule 18, 5th Cir.; See Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York, et al., 5th Cir., 1970,
 
 431 F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Nov. 4, 1970.
 James A. Eason, pro se.
 Crawford Martin, Atty. Gen., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Jo Betsy Lewallen, Robert C. Flowers, Asst. Attys. Gen., Austin, Tex., for respondent-appellee.
 Before GEWIN, GOLDBERG, and DYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 This appeal is taken from an order of the district court denying the petition of a Texas state convict for the writ of habeas corpus. We affirm.
 
 
 2
 Appellant is presently serving a ten-year sentence for burglary having been convicted upon his plea of guilty. In his habeas petition appellant alleged that his guilty plea was coerced by threats of the prosecution to try him as an habitual criminal, which carried a possible life sentence, and that he was denied a direct appeal.
 
 
 3
 Appellant had presented these allegations to the state court by way of a motion to vacate sentence pursuant to Article 11.07, Vernon's Ann.Texas Code of Criminal Procedure. Relief was denied after an evidentiary hearing, the court making findings of fact and conclusions of law. The federal district court found the state hearing to be full and fair, and adopted its findings.
 
 
 4
 A review of the record, reveals ample basis to support the findings of the state court. 28 U.S.C. 2254. A guilty plea is not rendered invalid solely because it is the result of a plea bargaining situation. Schnautz v. Beto, 5th Cir. 1969, 416 F.2d 214; Parrish v. Beto, 5th Cir. 1969, 414 F.2d 770; Rogers v. Wainwright, 5th Cir. 1968, 394 F.2d 492. Appellant's counsel testified he advised appellant to plead guilty because of the probability of a conviction if the case went to trial.
 
 
 5
 Counsel further testified that he received letters from appellant voicing a desire to appeal, but that after discussing the situation with him, appellant decided he had been given 'a pretty good deal' and decided not to appeal.
 
 
 6
 Based upon these transcripts, the court below was justified in denying relief without holding an additional evidentiary hearing. The judgment below is
 
 
 7
 Affirmed.