In The
Court of Criminal Appeals
of Texas

Ex Parte:                    §

   Randolph Lee Nobles      §      State of Texas

                                 §

      v.                        §

---

Case No.
Tr. Ct. No. 10-03-048-CRW-D
CCA No. WR-75,795-04

Petition for Discretionary
Review

Oral Argument Requested

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 23 2015

Abel Acosta, Clerk

# Table of Contents

Cover Page                                              1

Table of Contents                                       2

Identity of Judge, Parties and Counsel                  3

Index of Authorities                                    4

Statement Regarding Oral Argument                       5

Statement of the Case                                   6

Statement of Procedural History                         7

Grounds for Review                                    8,9

Argument                                            10,11

Prayer for Relief                                      12

Appendix.                                              13

    (a) Judgement Sheet and Indictment

    (b) Official Notices from Court of Criminal Appeals

    (c) Attorney letter dated June 2, 2010

    (d) Attorney letter dated October 16, 2013

    (e) Attorney letter dated July 8, 2014

    (f) P.S.I. Report

    (g) Transcripts (8 pages) - Punishment Hearing

    (h) State Fire Marshal's Investigation Report (3 pages)

    (i) Excerpts from Wilson County News (3 pages)

        Lead investigator Carlos D Garza was arrested 4 days
        after the interview with Randolph Lee Nobles....

## Identity of Judge, Parties and Counsel

**Judge:** Hon. Stella H. Saxon - 218th District
101 N Panna Maria Ave, Karnes, TX 78118
(803) 780-3089    Fax: 780-3227

**Defendant:** Randolph Lee Nobles - # 01686000
Sanders Estes Correctional Center
1100 Hwy 1807, Venus TX 76084
(972) 366-3334

**State Attorney:** Rena Pena / Audrey Louis
1327 3rd St, Floresville TX 78114
(803) 393-2200    Fax: 393-2205

**Defense Attorney:** Ed Shaughnessy III
206 E Locust St, San Antonio TX 78212
(210) 212-6700

## Index of Authorities

Brady v. Maryland, 83 S.Ct. 1194

Ex Parte Elizondo, 947 S.W.2d 202

Fed. Rules of Crim. Proc. Rule 11

Herrera V. Collins, 506 U.S.390, 113 S.Ct. 853, 122 L.Ed.2d 203

Monroe v. U. S., 463 F.2d 1032

Schlup v. Delo, 513 U.S.298, 314, 115 S.Ct. 851, 130 L.Ed.2d 808

Schnautz v. Beto, 416 F.2d 214

Tex. Code Crim. Proc. Art. 11.07

Timmreck, 441 U.S.780, 784, 95 S.Ct. 2085, 60 L.Ed.2d 634

Ex Parte Tuley, 109 S.W.3d 388

U.S.C.A. Const. Amend. 14

State v. Vasquez, 889 S.W.2d 588

## Statement Regarding Oral Argument

Petitioner, Randolph Lee Nobles, requests to have oral argument by way of telephonic means if possible for the following reason. Petitioner is illiterate with just an Eighth Grade education and can articulate and argue his case better orally rather than having to use a mediator to be translative of his statements and counterstatements to argue the merits of his case.

## Statement of the Case

This is a subsequent application for a writ of habeas corpus, Tex. Code Crim. Proc. Art. 11.07 Sec. 4(a)-(c): actual innocence of the crime of Arson, Penal Code 28.02. Exculpatory evidence was withheld from Petitioner and Petitioner's attorney which led Petitioner to enter into an unvoluntary plea of guilty. Petitioner attempted to withdraw his guilty plea after being admonished by the court, but was denied by the Court to withdraw his plea of guilty. The evidence withheld (forensic's report, homeowner's insurance settlement, homeowner's personal financial disclosures, and homeowner's prior sexual relationship she had with the police investigator Carlos Garza) among other relevant facts recently made available can show that no reasonable juror could have found Petitioner guilty in light of the new evidence.

## Statement of Procedural History

Petitioner, Randolph Lee Nobles, filed a subsequent Writ of Habeas Corpus 11.07, Sec. 4(a)-(c): Actual innocence; TR. CT. No. 10-03-048-CRW-D; WR-75,795-04 that was received by the Court on December 5, 2014, and was dismissed without written order on December 17, 2014.

Petitioner requested to extend time for filing Petition for Discretionary Review on January 5, 2015, and filed for Petition for Discretionary Review on January 5, 2015.

## Grounds for Review

1)    Exculpatory and newly discovered evidence was withheld from Petitioner and his defense attorney, Ed Shaughnessy III, that has recently been made available that no reasonable juror could have found Petitioner guilty in light of the newly discovered and exculpatory evidence withheld by the State's prosecuting attorney despite his plea of guilty. Plea of guilty was unvoluntary.

2)    The evidence is insufficient to support the conviction. Fire Marshall's Report of forensic lab results refutes use of accellerant as cause of house fire. Homeowner's personal financial disclosures that were withheld from Petitioner and his attorney prove homeowner, Joan Thompson, to be delinquent in home mortgage payments and collected over $126,500.00 from insurance policy and had a sexual relationship with Sheriff's lead investigator, Carlos Garza, prior to home fire that could constrew bias of investigation, and that homeowner's benefit from loss of home together can be seen as suspiciousness of arson by reasonable juror.

3)    Ineffective assistance of counsel. Trial counsel did not investigate the case, did not file any pretrial motions and failed to inspect evidence before he misled Petitioner to enter into an involuntary plea of guilty. His only trial strategy appears to have Petitioner plead guilty without an investigation of the case, no pretrial motions filed, and no inspection of evidence; clearly establishing his lack of representation below standard that meets the two-prong attack of Strickland.

4)    Petitioner's plea of guilty was involuntary. Petitioner was accepting his attorney's advice to plead guilty, but did not want to plead guilty. He attempted to withdraw his guilty plea and was clearly confused when addressed by the Court. Petitioner has

8

mental limitations with an I.Q. of 74 and is illiterate, making a colloquy inadequate even though it would usually be sufficient.

## Argument

This subsequent application for writ of habeas corpus is part Herrera-type and part Schlup-type (Herrera v. Collins, 506 U.S.390, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993); Schlup v. Delo, 513 U.S.298, 314, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)). Petitioner claims actual innocence and Constitutional violations under Tex. Code Crim. Proc. Art. 11.07. Claims of actual innocence are cognizable by Court of Criminal Appeals in post-conviction habeas corpus proceedings for confinement and raise issues of federal constitutional magnatude (Ex Parte Elizondo, 947 S.W.2d 202 (1996), U.S.C.A. Const. Amend. 14. An applicant's guilty Plea does not preclude his claim of actual innocence on application for writ of habeas corpus based on evidence that was unavailable at the time he pleaded guilty (Ex Parte Tuley, 109 S.W.3d 388). Brady violation was made by State prosecuting attorney by withholding exculpatory evidence favorable to defense from Petitioner and his attorney (Brady v. Maryland, 83 S.Ct. 1194). The exculpatory evidence withheld could have determined a different outcome had Applicant known about it. A habeas applicant claiming actual innocence is not claiming that the evidence at trial was insufficient to support the conviction; on the contrary, the successful applicant shows by clear and convincing evidence that, despite the evidence of guilt that supports the conviction, no reasonable juror could have found the applicant guilty in light of the new evidence (U.S. v Timbana, 222 F.3d 688). Petitioner's defense attorney was ineffective and did such a poor job that clearly it meets the critera for ineffective assistance of counsel under the Strickland standard. He did not investigate the case, did not file any pretrial motions, and misled Petitioner to plead guilty without examining any of the evidence. Valid, intelligently made plea does not become vulnerable to later attack if defendant did not correctly assess every relevant factor entering into his decision (State v. Vasquez, 889 S.W.2d 588). Petitioner was confused and did not know or understand the consequences of his plea and attempted to with-

10

draw it (Schnautz v. Beto, 416 F.2d 214). Court made plain error in not allowing Petitioner to withdraw his guilty plea. Petitioner's mental limitations made a colloquy inadequate and should have conducted a competency hearing or inquiry (Monroe v. U. S., 463 F.2d 1032; Fed. Rules of Crim. Proc. Rule 11). Applicant's guilty plea should be set aside (Timmreck, 441 U.S.780, 784, 95 S.Ct. 2085, 60 L.Ed.2d 634 (1979)).

## Prayer for Relief

Wherefore, premises considered, Petitioner prays the Court of Criminal Appeals of Texas grant this Petition for Discretionary Review and set aside his plea of guilty and reverse and remand this cause back to the trial court for repleading.

Respectfully Submitted,

*Randolph Lee Nobles*

Randolph Lee Nobles, Petitioner

Executed on this **20** day of January, 2015.

## Certification

I, Randolph Lee Nobles, prisoner no. 01686000, being currently confined at the Sanders Estes Unit in Johnson County, Texas, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

*R. L. Nobles*

Randolph Lee Nobles

12

## Appendix

(a) Judgment Sheet and Indictment
(b) Official Notices from Court of Criminal Appeals
(c) Attorney letter dated June 2, 2010
(d) Attorney letter dated October 16, 2013
(e) Attorney letter dated July 8, 2014
(f) P.S.I. Report
(g) Transcripts - Punishment Hearing (8 pages)
(h) State Fire Marshal's Investigation Report (3 pages)
(i) Excerpts from Wilson County News (3 pages)
  Lead investigator Carlos D Garza was arrested on multiple counts of sexual assault 4 days after the interview with Randolph Lee Nobles.

CAUSE NUMBER: _10 - 03 - 048 -_ CRW

STATE OF TEXAS
vs.
RANDOLPH LEE NOBLES

OFFENSE: Arson                           BOND: $100,000

DEGREE: 2nd                    DATE FILED: March 3, 2010

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS, the Grand Jury, duly selected, organized, sworn and impaneled as such for the County of Wilson, State of Texas, at the October, A.D., 2009, Term of the 81st/218th Judicial District Court for said County, upon their oaths present in and to said Court, that on or about the 7th day of December, 2009, and before the presentment of this indictment, in the County and State aforesaid **Randolph Nobles** (hereinafter styled Defendant), did then and there:

## Paragraph A

with intent to damage and destroy a habitation located at 133 Spring Valley Drive, Adkins, Texas, start a fire, or cause an explosion, by using flammable accelerants, knowing that said habitation had located within it property belonging to another, to-wit: furniture, belonging to Joan Thompson;

## Paragraph B

with intent to damage and destroy a habitation located at 133 Spring Valley Drive, Adkins, Texas, start a fire, or cause an explosion, by using a flammable accelerant, and the said Defendant was reckless about whether the burning or explosion would endanger the life of some individual or the safety of the property of another, to-wit: Joan Thompson, by using a flammable accelerant to start a fire or cause an explosion;

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Foreman of the Grand Jury

I, DEBORAH BRYAN, DISTRICT CLERK OF WILSON CITY, TEXAS
DO HEREBY CERTIFY THAT THE FOREGOING IS A TRUE AND CORRECT
COPY OF THE ORIGINAL FILED AND OF RECORD IN MY OFFICE
WITNESS MY OFFICIAL HAND AND SEAL THIS

_____
DEBORAH BRYAN, District Clerk
WILSON COUNTY, TE.

BY_____

Filed _3_ Day of _March_ 2010
_6:30_ P M

Deborah _____
Clerk District Court Wilson County, Texas
By_____Deputy

(a) Indictment

CASE NO. 10-03-00048-CRW    COUNT
INCIDENT NO./TRN:

THE STATE OF TEXAS

V.

RANDOLPH LEE NOBLES

STATE ID No.: TX

§
§
§
§
§
§
§
§

IN THE 218TH DISTRICT

COURT

WILSON COUNTY, TEXAS

## JUDGMENT OF CONVICTION BY COURT—WAIVER OF JURY TRIAL

| Judge Presiding: | HON. STELLA SAXON | Date Judgment Entered: | 11/8/2010 |
|---|---|---|---|
| Attorney for State: | AUDREY LOUIS | Attorney for Defendant: | ED SHAUGHNESSY |

Offense for which Defendant Convicted:
**ARSON**

| Charging Instrument: **INDICTMENT** | Statute for Offense: **28.02 Penal Code** |
|---|---|

Date of Offense:
**12/7/2009**

| Degree of Offense: **2ND DEGREE FELONY** | Plea to Offense: **GUILTY** | Findings on Deadly Weapon: **N/A** |
|---|---|---|

Terms of Plea Bargain:

| Plea to 1st Enhancement Paragraph: **N/A** | Plea to 2nd Enhancement/Habitual Paragraph: **N/A** |
|---|---|
| Findings on 1st Enhancement Paragraph: **N/A** | Findings on 2nd Enhancement/Habitual Paragraph: **N/A** |

| Date Sentence Imposed: **11/8/2010** | Date Sentence to Commence: **11/8/2010** |
|---|---|

Punishment and Place of Confinement: **EIGHT(8) YEARS INSTITUTIONAL DIVISION, TDCJ**

THIS SENTENCE SHALL RUN: **CONCURRENTLY.**

☐ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR N/A .

| Fine: $ N/A | Court Costs: $ | Restitution: $ 5772.56 | Restitution Payable to: ☒ VICTIM (see below)  ☐ AGENCY/AGENT (see below) |
|---|---|---|---|

☐ Attachment A, Order to Withdraw Funds, is incorporated into this judgment and made a part hereof.

Sex Offender Registration Requirements do not apply to the Defendant. TEX. CODE CRIM. PROC. chapter 62 .
The age of the victim at the time of the offense was **N/A** .

If Defendant is to serve sentence in TDCJ, enter incarceration periods in chronological order.

Time Credited:  From 12/8/2009 to 11/8/2010    From   to    From   to
From   to    From   to    From   to

If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below.

**N/A DAYS    NOTES: N/A**

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in Wilson County, Texas. The State appeared by her District Attorney.

Counsel / Waiver of Counsel (select one)
☐ Defendant appeared in person with Counsel.
☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

Both parties announced ready for trial. Defendant waived the right of trial by jury and entered the plea indicated above. The Court then admonished Defendant as required by law. It appeared to the Court that Defendant was mentally competent to stand trial, made the plea freely and voluntarily, and was aware of the consequences of this plea. The Court received the plea and entered it of record. Having heard the evidence submitted, the Court found Defendant guilty of the offense indicated above. In the presence of Defendant, the Court pronounced sentence against Defendant.

(a) Judgment Sheet

12/5/2014
**NOBLES, RANDOLPH LEE    Tr. Ct. No. 10-03-048-CRW-D        WR-75,795-04**
On this day, the application for 11.07 Writ of Habeas Corpus has been received
and presented to the Court.

Abel Acosta, Clerk

RANDOLPH LEE NOBLES
ESTES UNIT - TDC # 1686000
1100 HWY. 1807
VENUS, TX  76084

3B  76084

---

12/17/2014
**NOBLES, RANDOLPH LEE    Tr. Ct. No. 10-03-048-CRW-D        WR-75,795-04**
The Court has dismissed without written order this subsequent application for a writ
of habeas corpus. TEX. CODE CRIM. PROC. Art. 11.07, Sec. 4(a)-(c).

Abel Acosta, Clerk

RANDOLPH LEE NOBLES
ESTES UNIT - TDC # 1686000
1100 HWY. 1807
VENUS, TX  76084

3B  76084

(b)

# Edward F. Shaughnessy, III.

206 E. LOCUST STREET
SAN ANTONIO, TEXAS 78212
PHONE: (210) 212-6700

Audrey Louis
Assistant District Attorney
81st/218th Judicial District
Wilson County, Texas
1327 Third Street
Floresville, Texas 78114

Re: The State of Texas v. Randolph "Randy" Lee Nobles
    Cause No. 10-03-048-CRW

June 2, 2010

Dear Ms. Louis,

As you are surely aware my client "Randy" Lee Nobles stands charged by way of an indictment with the offense of Arson alleged to have been committed in your jurisdiction on December 7, 2009. You might recall that his original attorney was allowed to withdraw from representing "Randy"; hence I am the second attorney on this case. Unfortunately, his prior attorney did not transfer the discovery package to me after withdrawing; hence I am presently without a discovery package on "Randy's" case.

I was hoping that you might be able to send me a copy of the discovery package in the enclosed envelope. I am pretty "fired up" about this case and want to get to work on it while the matter is still "hot".

Sincerely yours, your obedient servant,

Edward F. Shaughnessy, III
Attorney at Law

Cc: Randy Nobles

(c)

# Edward F. Shaughnessy, III.

206 E. LOCUST STREET
SAN ANTONIO, TEXAS 78212
PHONE: (210) 212 - 6700

October 16, 2013

Randy Lee Nobles
1100 FM 1807
Venus, Texas 76084

Dear Mr. Nobles,

I received your letter requesting the "transcripts" of your case. I do not have "transcripts"

pertaining to your case, I do have your discovery packet. I have enclosed your discovery

packet in its entirety. I hope you find this information helpful.

Sincerely,

Edward F. Shaughnessy, III

(d)

# Edward F. Shaughnessy, III.

206 E. LOCUST STREET
SAN ANTONIO, TEXAS 78212
PHONE: (210) 212 - 6700

July 8, 2014

Randolph L. Nobles
SID: 1686000
Sanders Estes Unit
1100 HWY 1807
Venus, TX 76084-3966

RE:     Forensic Report

Dear Mr. Nobles,

Thank you for contacting me about your case at hand. If you will please return a
letter including your friend's contact information as well as provide him with that of my
office I will be happy to assist you further in your matter.

Sincerely,

Edward F. Shaughnessy, III
Attorney-at-Law
206 E. Locust St.
San Antonio, TX 78212
(210) 212-6700

(e)

## EDUCATION

Mr. Nobles reports he never attended high school and dropped out of school after completing the seventh (7) grade in 1974. Defendant reports never attempting to obtain a GED. Defendant reports he stopped going to school because he just couldn't learn anything. Defendant states, "I just can't put it together". Defendant reports experiencing problems learning in school and attended remedial classes. Defendant reports his desire to continue school ended so he just quit.

In preparation for a pre-sentence investigation, the Adult Placement Indicator would normally be administered, however due to the fact that defendant can not read or write this assessment was not administered. This instrument helps determine the reading level of an individual through a series of vocabulary and comprehension questions. The defendant acknowledged that he can not read or write and was not interested in any attempt.

## MILITARY

Mr. Nobles reports never having served in the United States Armed Forces.

## EMPLOYMENT

Mr. Nobles reports he has been unemployed for the last six (6) months, prior to being placed in custody in December, 2009. Defendant reports several employers in the last few years. Most recently, defendant reports working as a structural welder for Zachary Power at Calaveras Lake from January, 2009 until he was fired in July, 2009 for a safety violation. Defendant's work history reflects many short term employers. Defendant reports he moved often as he easily becomes bored. In just the last few years, defendant reports working at Military Ship Yards in Bremerton, Washington; Norfolk, Virginia; Jacksonville, Florida; Engels, Mississippi and New Orleans, Louisiana. The defendant reports all his employments have been in structural welding. Defendant reports he has always been self supportive. Defendant denies ever being accused of stealing or misconduct on a job.

## FINANCIAL

Mr. Nobles' reports he is currently unemployed and has been for the last six (6) months, consequently making no income for this period. Defendant has been in custody since December 8th, 2009. Defendant reports no outstanding bills. The defendant reports owning a 2006 Chevy Tracker, which is currently parked on Joan Thompson's property. Defendant reports no other assets. Mr. Nobles reports his driver license has been suspended since age eighteen (18).

(f)

PUNISHMENT HEARING
(November 8, 2010)


THE COURT: Cause number 10-03-0048, State versus Randolph Nobles.

MS. LOUIS: State's ready, Your Honor.

THE COURT: You are Randolph Lee Nobles?

THE DEFENDANT: Yes, ma'am.

THE COURT: And I think we were in court previously and I'd asked -- go ahead and be seated. I'd ask for the State to please state for the court the prior proceedings in this matter.

MS. LOUIS: Your Honor, on July 14th Mr. Nobles pled guilty to the offense of arson, a second-degree felony, for a cap of eight years and restitution of $5,772.56. On October 4th the Fourth Court -- we were set for sentencing and Mr. Nobles asked to withdraw his plea at that time and the court reset the case to review the plea and review the admonishments, and we're before the court today for sentencing.

THE COURT: Mr. Shaughnessy, does this correctly state the prior proceedings?

MR. SHAUGHNESSY: Yes, Your Honor, the only additions I would add is that there were a couple dates

(g)

set for sentencing that for one reason or another, communication between probation and court or probation and myself or for whatever reason the sentencing was reset and then it had to be reset when I had to leave the state for family business back in mid October.

But, yes, the district attorney states correctly. When we left off of court in early October the court requested that the court reporter transcribe the plea that was entered into before this court in July of 2010. I believe that has been done and it speaks for itself. I don't know how the court views it.

I believe my client's position remains the same, that being he wants to withdraw his plea, get a new attorney and start back over from the beginning. Could I check and make sure that's correct?

THE COURT: Yes.

(attorney/client discussion)

MR. SHAUGHNESSY: That is correct, Your Honor.

THE COURT: So Mr. Nobles, the last we were here I did not have Mr. Turner here on that day and I said I would be getting a copy of the court's --

THE DEFENDANT: Yes, ma'am.

THE COURT: --hearing, which I have and have reviewed. In the meantime somewhere about October

the 6th I got a --

THE DEFENDANT: Yes, ma'am.

THE COURT: --number of papers from you dated July the 14th, but not mailed to me until October the 6th.

THE DEFENDANT: Right.

THE COURT: And you are wanting to withdraw your plea?

THE DEFENDANT: Yes, ma'am, please.

THE COURT: And state for me, sir, again why you want to withdraw your plea.

THE DEFENDANT: Ma'am?

THE COURT: State for me again why you want to withdraw your plea.

THE DEFENDANT: He coerced me into signing the papers, Your Honor, when I have evidence to show that I did not burn the house down. I've got proof of that.

THE COURT: So you're claiming your lawyer coerced you into signing these papers?

THE DEFENDANT: Well, between him and the State's attorney there, they told me -- they said take four years on the truck and trailer and not what's in that paper there and not have to get life in prison without parole and all of this if I didn't take eight



years right then. And then she says she didn't have the file, the motion for discovery file, which would come in and prove to you those days in October.

He said he did have the file. I got a letter right here from him stating he did not ever have the file. It's right here, Your Honor. And then the file would have showed the court, if I would have had the file I would have never ever signed that plea agreement for nothing. And he said, you know, like it's in my best interest to sign that when I come to you. He said, no, you can't take a plea of no -- in your best interest it's guilty or not guilty. I said, well, in my best interest, I said it three times. And that's when I kind of teared up and I said, okay, I guess I'm guilty then, which I didn't want to take that. I didn't want to do life in prison for something I didn't do either.

And then I got to thinking, well, hell, if he would have had -- if he would have had the file before him right there when we stepped up there that day we probably wouldn't even be eleven months of my life in this jailhouse over here.

THE COURT: Well, sir, here's what I have to tell you --

MR. SHAUGHNESSY: Your Honor, before you go any further there's just one thing I'd like to correct.



At no time did I tell Mr. Nobles he was looking at life without parole.

THE DEFENDANT: Yes, you said --

MR. SHAUGHNESSY: What I told him was that he was charged with a second-degree felony and then if one of his prior convictions or trips to the penitentiary in the state of Florida proved to be a final felony conviction he could be enhanced and he could face a life sentence in the state of Texas.

THE DEFENDANT: Your Honor, I got witnesses in that room right there when he said that and -- right there, and one of them in here today --

THE COURT: Sir, I don't really want to hear that, but what I do have to tell you--go ahead and sit down--is this. You stood in front of me --

THE DEFENDANT: Ma'am?

THE COURT: You stood in front of me --

THE DEFENDANT: Yes, ma'am.

THE COURT: I asked you how you pled. You told me guilty.

THE DEFENDANT: Yeah, I -- yes.

THE COURT: I asked you if you were entering this plea of guilty and you told me you were 50 years old and had been to the eighth grade and you told me you were entering this plea of guilty freely,

intelligently, knowingly and voluntarily.

THE DEFENDANT: Yeah, in my best interest I did.

THE COURT: No, no, you said, "yes, ma'am." I asked you, "Has anyone threatened you or promised you anything to get you to enter this plea?" You said, "No." And I asked if you were pleading guilty because you were guilty and for no other reason. You said, "I'm not guilty but, yes, ma'am, in my best interest, yes." And I told you, "no, I can't take that."

THE DEFENDANT: Right.

THE COURT: And you said, "Yes, ma'am, I'm --" and I said, "Are you pleading guilty because you are guilty and for no other reason?" And you said, "I'm guilty."

THE DEFENDANT: Yeah, but --

THE COURT: And then I asked you if all the allegations in the indictment were the truth and you told me, "No, they're not true, but I signed that paper." --

THE DEFENDANT: Right.

THE COURT: And I said, "I'm not taking that. That won't cut it. I will not take that." And you said, after your attorney said you need to answer one way or the other, let her know what you want to do.

And you said, "Would you mind repeating it?" I said, "Are those allegations contained in the indictment true and correct?" And you said, "Yes, ma'am."

THE DEFENDANT: That's correct.

THE COURT: And then you went on to tell me that you were completely satisfied with the work that your attorney had done for you on the on case.

THE DEFENDANT: Well, what else are you going to say, you know?

THE COURT: I do not know, but I know this. I did not coerce you in any way.

THE DEFENDANT: No, ma'am, you didn't.

THE COURT: I simply asked you to be straight and honest with me.

THE DEFENDANT: Yes, ma'am.

THE COURT: And I determined that your plea was freely, voluntarily, intelligently and knowingly made.

THE DEFENDANT: Yes, ma'am. May I say something?

THE COURT: And that's my determination.

THE DEFENDANT: Okay. See, he hadn't ever even had the file before. I just got it myself three weeks ago where it clearly shows that I wasn't anywhere around the house when it burned down.

THE COURT: So as far as allowing you to withdraw your plea --

THE DEFENDANT: Yes, ma'am.

THE COURT: --I'm not allowing that and we're going forward. Are y'all ready to proceed?

MR. SHAUGHNESSY: Yes, Your Honor.

MS. LOUIS: State is.

THE DEFENDANT: That ain't right.

THE COURT: The court has previously ordered a presentence investigation report. Have the State and the defense had an opportunity to review it?

MS. LOUIS: The State's reviewed the report, Your Honor, and we have no objection.

MR. SHAUGHNESSY: No objections, Your Honor. We've had an opportunity to review it and we received it in roughly the third week of September.

THE COURT: The court will consider it. Does the State have further testimony for the court's consideration?

MS. LOUIS: Not at this time, Your Honor.

THE COURT: Does the defense have testimony for the consideration of the court.

MR. SHAUGHNESSY: No, Your Honor. We would like to emphasize certain things in the PSI.

THE COURT: I will consider your arguments

 

# STATE FIRE MARSHAL'S OFFICE
### INVESTIGATION REPORT
TEXAS DEPARTMENT OF INSURANCE
## SENSITIVE

Case #  10-127-12  Investigator :  Dean Shirley  Date of Report: 2/26/10

## Case Report Narrative

On December 9, 2009 A Warrant of Arrest of Randolph Lee Nobles was issued by Justice of the Peace Ernest Devora, Precinct 1, Wilson County for the charge of Theft >$500 <$1500.

On December 11, 2009 a Warrant of Arrest of Randolph Lee Nobles was issued by Justice of the Peace Richard Jackson, Precinct 4, Wilson County, Texas for the charge of Arson on a complaint by Wilson County Sheriff's Office Investigator Carlos Garza that included information from an interview of Nobles by Investigator Garza in which Nobles admits starting the fire using lighter fluid in the fireplace and then leaving the residence. The information includes that there were threats by Nobles to burn the house.

On March 3, 2010, the Wilson County Grand Jury indicted Randolph Lee Nobles on two counts of Arson.

## CASE STATUS

This case remains **ACTIVE**.

Form REP2, rev 5/26/04



# STATE FIRE MARSHAL'S OFFICE
### INVESTIGATION REPORT
### TEXAS DEPARTMENT OF INSURANCE
## SENSITIVE



Case # __10-127-12__   Investigator : ____Dean Shirley____   Date of Report: 2/26/10

**Case Report Narrative**

## CANINE EXAMINATION

DSFM Pleasant searched the scene for indications of ignitable liquids with Canine Tess. See K-9 Report included in this case file. Tess made three indications. The first was on the ground under the area of the living room at the west end. The second was in the hallway leading to the living room from the family room. The third was in the family room near the end of the sectional sofa.

## EVIDENCE

| | |
|---|---|
| Evidence | Soil |
| Evidence # | 1 |
| Date/ Time | 12/10/2009 |
| Address | 133 Spring Valley, Adkins, Tx |
| Location | Ground under east side of formal living room |
| By: | T. Pleasant |
| Canine | Tess |
| Note: | Submitted to Arson Lab with Negative results |

| | |
|---|---|
| Evidence | Carpet Pad, Carpet, Fire Debris |
| Evidence # | 2 |
| Date/ Time | 12/10/2009 |
| Address | 133 Spring Valley, Adkins, Tx |
| Location | Hallway at South Bedroom |
| By: | T. Pleasant |
| Canine | Tess |
| Note: | Submitted to Arson Lab with Negative Results |

| | |
|---|---|
| Evidence | Carpet Pad, Carpet, Fire Debris |
| Evidence # | 3 |
| Date/ Time | 12/10/2009 |
| Address | 133 Spring Valley, Adkins, Tx |
| Location | Family/Living room at Dining room entry |
| By: | T. Pleasant |
| Canine | Tess |
| Note: | Submitted to Arson Lab with Negative results |

Form REP2, rev 5/26/04


| Case # | 10-127-12 | Priority | 2 | Investigator | Dean Shirley | | Status | Active |
|---|---|---|---|---|---|---|---|---|
| Day of Fire | Monday | Date of Fire | 12/07/09 | Time of Fire | 9:27 PM | Cause of Fire | | Incendiary |
| Date of Request | 12/08/09 | Date Case Assigned | | 12/09/09 | | Date of Investigation | | 12/10/09 |
| City of Fire | Adkins | | | County of Fire | | Wilson | | |
| Location of Fire | 133 Spring Valley | | | | | | | |
| Type of Fire Investigation | Mobile Home | | | Injuries | No | # | Deaths | No | # |

## OWNER

| Full Name | Joan Polan Thompson | | | | | | Phone # | |
|---|---|---|---|---|---|---|---|---|
| Address | 133 Spring Valley, Adkins, Texas 78101 | | | | | | | |
| Race | White | Other | | Sex | Female | Age | 55 | Date of Birth | 04/13/54 |
| Social Security # | 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 | | | Driver's License # | 02516767 | | | |
| Insurance | Yes | Insurance Company Name | | American Modern (865) 380-2220 | | | | |
| Policy # | 0360045418994 | | | | Effective Dates | 07/20/05 | To | 07/20/10 |
| Amount of Policy: | Structure$ | 84000 | | | Contents $ | 42500 | | |
| Adjusters Name | Joe Castillo - Homefirst Agency | | | | Adjusters Phone # | | 512-698-1974 | |
| Agents Name | | | | | Agents Phone # | | | |
| Agents Address | | | | | | | | |

## OCCUPANT

| Full Name | Same as above | | | | | | Phone # | |
|---|---|---|---|---|---|---|---|---|
| Address | | | | | | | | |
| Race | | Other | | Sex | | Age | | Date of Birth | |
| Social Security # | - - | | | Driver's License # | | | | |
| Insurance | No | Insurance Company Name | | | | | | |
| Policy # | | | | | Effective Dates | | To | |
| Amount of Policy: | Structure$ | | | | Contents $ | | | |
| Adjusters Name | | | | | Adjusters Phone # | | | |
| Agents Name | | | | | Agents Phone # | | | |
| Agents Address | | | | | | | | |

## ☒ DISCOVERED ☐ REPORTED FIRE

| Full Name | Joni Johnson | | | | | | Phone # | 8302174463 |
|---|---|---|---|---|---|---|---|---|
| Address | 132 Spring Valley, Adkins, Tx 78101 | | | | | | | |
| Race | | Other | | Sex | | Age | | Date of Birth | |
| Social Security # | - - | | | Driver's License # | | | | |

## REQUESTOR

| Full Name | Edwin Baker, Wilson County Fire Marshal | | | | | | Phone # | 830-391-1713 |
|---|---|---|---|---|---|---|---|---|
| Address | | | | | | | | |
| Race | | Other | | Sex | | Age | | Date of Birth | |
| Social Security # | - - | | | Driver's License # | | | | |

## MOTOR VEHICLE

| Type of Vehicle | | Year | | Make | | Model | |
|---|---|---|---|---|---|---|---|
| Vehicle Use | | Color | | V.I.N. # | | L.P.# | |

## OTHER INFORMATION

| Other Investigating Agencies | Wilson County S. O. Carlos Garza | | |
|---|---|---|---|
| Responding Fire Departments | Kicaster VFD, La Vernis VFD, Eagle Creek VFD, Stockdale VFD | | |
| Weather Conditions | cool and clear | Wind Direction | Northeast To Southwest | Velocity | 0-5 mph |

## ADMINISTRATIVE SECTION

| Arson Lab Utilized | | Yes | Smoke Detectors Present | Yes | | K-9 Utilized | | Yes |
|---|---|---|---|---|---|---|---|---|
| Approved By | | | | | | Date | | |

Form REP1, Rev 8/2/04

(h) 3 of 3 pages



# Grand jury indicts former investigator

William J. Gibbs Jr.
Wilson County News
May 18, 2010

A Wilson County grand jury has returned two separate indictments against former Wilson County Sheriff's Office Investigator Carlos D. Garza. The indictments were among 27 returned by the grand jury May 14.

The first indictment charges Garza with one count each of official oppression and "improper sexual activity with a person in custody." The charges stem from an incident that occurred on or about Dec. 15 in which Garza, while acting under the color of his employment, allegedly touched a female inappropriately while she was in custody.

In a second indictment, Garza is charged with sexual assault and one count of official oppression stemming from an incident that occurred on or about March 30. Garza, while acting under the color of his employment, allegedly subjected a female to an inappropriate search.

Official oppression is considered a Class A misdemeanor, punishable by up to one year in jail and a fine of up to $4,000. Improper sexual activity with a person in custody is punishable by up to two years in a state jail and a fine of up to $10,000, while sexual assault is punishable by up to 20 years in prison and a fine of up to $10,000.

Garza, who was a 15-year sheriff's office veteran, resigned his position following his Jan. 28 arrest. At that time, he was charged with one count of official oppression and one count of violation of civil rights, related to Garza's alleged performance of an inappropriate search of a female inmate in the Wilson County Jail.

Since that arrest, Garza was free on $50,000 bond.

"It's just very shocking that there was more," Wilson County Sheriff Joe D. Tackitt Jr. said May 14. "It's hard to believe Carlos would have done something like that."

Tackitt said it was he who hired Garza, who began his career with the sheriff's office Dec. 1, 1994. Garza, who formerly worked for the Bexar County Pct. 4 constable's office and the Hill Country Village Police Department, was hired as a deputy and rose through the ranks to become an investigator.

According to the Texas Commission on Law Enforcement Officer Standards and Education, Garza became certified in 2008 as a master peace officer. Prior to the incidents alleged by the charges, there was no record of disciplinary action against Garza during his nearly 23-year career.

Officials confirmed that a warrant for Garza's arrest on the charges from the indictments was issued May 14.

# WilsonCountyNews.com

*Section A: General News*

## Former investigator to spend next four years behind bars



Former investigator to spend next four years behind bars

William J. Gibbs Jr.
Wilson County News
September 14, 2011
444 views

For 23 years, Carlos D. Gaeza made a career of fighting crime and helping to put criminals behind bars. No former Wilson County Sheriff's Office Investigator will spend the next four years on the other side of the ba following his Sept. 6 pleas of guilty to two counts of Improper sexual activity with a person in custody.

Court records indicate that Garza accepted the plea deal prior to jury selection. After being sentenced by J Donna Rayes of the 81st Judicial District, he was transported to the Wilson County Jail. There, he will awai transfer to a state Jail by the Texas Department of Criminal Justice.

District Attorney Rene Peña of the 81st Judicial District said Garza will be required to serve "day for day" o two-year consecutive sentences. He will no longer be allowed to serve as a peace officer, Peña said.

Garza, who over the course of 15 years at the Wilson County Sheriff's Office, rose through the ranks to be an Investigator, resigned Jan. 28, 2010, following his arrest. This was after a female inmate at the Wilson Jail alleged that Garza performed an inappropriate search, resulting in his being charged with one count ea Improper sexual activity with a person in custody and official oppression. The latter charge was dismissed of the plea deal.

Also dismissed were two charges of sexual assault, which a victim alleged occurred in 2004 and 2005, and count of Improper sexual activity with a person in custody, which was alleged to have happened in March These charges resulted from the allegations of two other victims.

"We visited with each victim," Peña said. "They felt that justice was done, given their circumstances."

The district attorney said that by going with a plea deal instead of a trial, it saved the victims from having to testify in open court.

"We didn't want to victimize these victims again," Peña said.

(i) 2 of 3 pages

Copyright © 2011 Wilson County News. All rights reserved. Web development by Drewa Designs.



# WilsonCountyNews.com

## Section A: General News

# Defendants get new court dates

William J. Gibbs Jr.
Wilson County News
October 19, 2010 | 866 views

Sentencing for 50-year-old Randolph Lee Nobles, who in July pled guilty to one count of arson, is now set for Nov. 8, according to court records. Judge Stella Saxon of the 218th District was initially set to sentence him Oct. 12.

Nobles was charged with arson for his admitted role in a Dec. 7, 2009, fire that destroyed a mobile home on Spring Valley Drive in Kicaster.

Also rescheduled is the trial of Jesse Eliseo Barhight, 34, of Seguin, charged with two counts of intoxication manslaughter with a motor vehicle for the Sept. 13, 2009, deaths of Simon and Cynthia Garcia of Floresville. Jury selection for the trial, which was initially set to begin Oct. 25, has been rescheduled for Dec. 13. Barhight's next scheduled court appearance is for a docket call Nov. 23, according to court records.

Following the same schedule is Brian Q. Hernandez, 30, of Corpus Christi. He is charged with two counts of aggravated assault causing serious bodily injury to a family member for his alleged role in the Aug. 28, 2009, shootings of his estranged wife and her father in Sutherland Springs.

Another defendant set for jury selection Dec. 13 is former Wilson County Sheriff's Office Investigator Carlos D. Garza, 50. He is charged with two counts of second-degree sexual assault, two counts of improper sexual activity with a person in custody for incidents that allegedly occurred in May 2009; and one count each of official oppression and improper sexual activity with a person in custody for an incident that allegedly occurred Dec. 15, 2009.

Still set for jury selection Oct. 25 is Hector Esqueda, 23, of San Antonio, charged with three counts of intoxication manslaughter for his alleged role in a June 7, 2009, crash on U.S. 181 south of Poth. The crash claimed the lives of his three passengers, Priscilla Montoya, 20; Orlando Brown, 18; and Kara Denkewalter, 20, all of San Antonio.

Copyright © 2011 Wilson County News. All rights reserved. Web development by Drewa Designs.

(i) 3 of 3 pages

Court of Criminal Appeals of Texas

January 20, 2015

To each of the judges who sit on the Court of Criminal Appeals:

I am Randolph Lee Nobles, TDCJ-MTC No. 01686000. I would like to express my thank to the judges; I thank each and every one of you for taking the time to look at the habeas corpus writs and the Petitioner for Discretionary Review.

I do not know how to read or write, and I must rely on the paralegals and writ writers to do all the reading and stuff for me. I can only imagine how hard it must be for each and every one of you to have to sit and read each one of these writs, day in and day out, and to make the decisions on people's lives.

Thank you so much for the things that you do for me as well as the other inmates that are in the prison system.

Once again, thank you so much for the things you do. God bless each and every one of you.

Sincerely,

R. L. Nobles

Randolph Lee Nobles